Earl Schroeder, a minor by Florence Butler, his' Mother and Next of Kin, Appellant, v. Fanny Campbell, Appellee.

Gen. No. 38,793.

Opinion filed March 24, 1937.

JOSEPH LUSTFIELD and WILLIAM C. GREATMAN, all of Chicago, for appellant; ABRAHAM W. BRUSSELL, of Chicago, of counsel.

CASSELS, POTTER & BENTLEY, of Chicago, for appellee; RALPH F. POTTER, GEORGE C. BUNGE and LESLIE H. VOGEL, all of Chicago, of counsel.

MR. JUSTICE HALL delivered the opinion of the court.

In this matter, a petition for leave to appeal from a judgment of the circuit court of Cook county, entered on February 8, 1935, was filed in this court under the provisions of sec. 76, Illinois State Bar Stats. 1935, ch. 110, ¶ 204; Jones Ill. Stats. Ann. 104.076. Thereafter on February 19, 1936, an order was entered by this court allowing such appeal. Prior thereto, and on February 27, 1935, a notice of appeal had been filed in the cause, in the circuit court of Cook county in the following words and figures: .

"Please Take Notice that Plaintiff-Appellant in the above entitled cause hereby appeals to the Appellate

Court of Illinois for the First District, from the judgment rendered in this cause in the Circuit Court of Cook County, Illinois, on the 8th day of February, A. D. 1935, whereby the Court entered a judgment in bar against the minor, finding him guilty of contributory negligence, and the finding and judgment entered on said 8th day of February, 1935, finding the Defendant-Appellee not guilty.

"The Plaintiff-Appellant prays that the said judgment may be reversed and judgment entered in the Appellate Court in favor of the Plaintiff-Appellant, or, in the alternative, that said judgment be reversed and the cause remanded for new trial."

On March 21, 1935, the following was filed in the cause, in the circuit court of Cook county:

"You Are Hereby Notified that on the 20th day of March, A. D. 1935, there was filed in the office of the Clerk of the Circuit Court of Cook County, Illinois, in behalf of the Appellant (Plaintiff) in the above entitled cause, a Notice of Appeal, copy of which Notice of Appeal is hereto attached.

"Joseph Lustfield,
Wm. C. Greatman,
McKenna, Harris & Schneider,
Attorneys for Appellant
(Plaintiff).

"Received a true copy of the foregoing notice, together with a true copy of the Notice of Appeal therein referred to, this 22nd day of March, A. D. 1935.

"Cassels, Potter & Bentley,
Attorneys for appellee
(Defendant)."

The notice here referred to does not appear in the abstract, but we will assume that it was filed, as stated. Each of the notices was filed in the circuit court within 90 days after the entry of the judgment.

On August 17, 1936, a motion was made by defendant, appellee, to dismiss the appeal heretofore allowed on petition for leave to appeal to this court, which motion was denied.

Since the aforesaid, the Supreme Court of this State, in *People ex rel. Bender v. Davis,* 365 Ill. 389, No. 23,662 in the Supreme Court, has said:

"The right to appeal is absolute if exercised within ninety days from the rendition of the judgment, decree or determination of the trial court. Thereafter, and within the year, the appellant must show by affidavit that his appeal has merit and that the delay was not due to his culpable negligence. But if an appellant files notice of appeal in the trial court within ninety days he has taken his appeal and no delay exists. It follows that the appellant could not show by affidavit that the non-existent delay was not due to his culpable negligence. He has had the appeal the legislature intended him to have.

"The legislature also intended that judgments and decrees should become final within ninety days, but it provided against injustice by permitting a reviewing court to grant leave to appeal upon a proper showing within the remainder of the one year. This provision has no application to the case before us. There is nothing in the act authorizing a court of review to grant permission to an appellant to file its notice of appeal in the reviewing court after it had availed itself of the right, within ninety days, to file such notice of appeal in the trial court."

In view of the holding of the Supreme Court, the order of this court denying the motion to dismiss the appeal, is vacated, and it is further ordered that the appeal be dismissed.

*Appeal dismissed.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.