Elizabeth Moss, Appellee, Federal Life Insurance Company, Appellant.

Gen. No. 38,629.

Opinion filed March 24, 1937.

ECKERT & PETERSON, of Chicago, for appellant; TOM LEEMING, of Chicago, of counsel.

DILLARD B. BAKER, of Chicago, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

This was an action brought by the plaintiff to recover upon a contract of life insurance. The case was tried and a verdict was returned by the jury for the plaintiff in the sum of $2,320, and upon this verdict the court entered judgment.

On December 9, 1936, this court filed its opinion in the above entitled cause, and subsequently a petition by the plaintiff for a rehearing was allowed.

On January 18, 1937, the plaintiff filed a motion to dismiss defendant's appeal on the ground that the defendant on September 25, 1935, moved this court for leave to file the record late, or to dismiss its appeal docketed in this court as No. 38,566. This appeal was taken by notice of appeal and proof of service filed in the trial court on July 6, 1935.

It further appears that on October 14, 1935, this court by order duly entered, denied defendant's motion for leave to file a record late and thereupon dismissed the appeal.

Subsequently, on November 15, 1935, this court granted the defendant leave to appeal in said cause, which was docketed in this court as No. 38,629, and the plaintiff in this case suggests that when the original appeal was dismissed the suit was ended, and this court had no further jurisdiction of the case. In support of this position the plaintiff cites the case of *People ex rel. Bender v. Davis*, 365 Ill. 389, December, 1936, Doc. No. 23,662, wherein the court says:

"The right to appeal is absolute if exercised within ninety days from the rendition of the judgment, decree or determination of the trial court. Thereafter, and within the year, the appellant must show by affidavit that his appeal has merit and that the delay was not due to his culpable negligence. But if an appellant files notice of appeal in the trial court within ninety days he has taken his appeal. . . . He has had the appeal the legislature intended him to have. . . . There is nothing in the act authorizing a court of review to grant permission to an appellant to file its notice of appeal in the reviewing court after it had availed itself of the right, within ninety days, to file such notice of appeal in the trial court. When the original appeal was dismissed the suit was ended."

In the consideration of the question before us, the opinion above quoted from applies in the instant case.

In the first case, which was docketed in this court No. 38,566, the defendant had filed its notice of appeal and proof of service in the trial court on July 6, 1935, and by reason of the filing of this notice and the dismissal order entered by this court, the original appeal was ended, and this court thereafter was without jurisdiction to grant the defendant leave to appeal in the

case now pending within the time fixed by the statute, and for want of jurisdiction the order granting defendant leave to appeal is vacated and set aside and the petition of the defendant filed herein for leave to appeal is denied.

*Appeal denied.*

DENIS E. SULLIVAN, P. J., and HALL, J., concur.