Edwood V. Melsha, Petitioner, v. Johns-Manville Sales Corporation, Respondent.

Gen. No. 40,254.

158

Opinion filed March 6, 1939.

JOHN A. BLOOMINGSTON, of Chicago, for petitioner.

HETH, LISTER & FLYNN, of Chicago, for respondent.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Melsha, the plaintiff, filed his complaint in the circuit court for an alleged libel demanding damages of $100,000. On motion of defendant the complaint was stricken. First amended and second amended complaints were also stricken and a request for leave to file a third amended complaint denied. December 28, 1937, the suit was dismissed with judgment for costs. February 5, 1938, plaintiff filed in the circuit court his notice of appeal and April 7 thereafter the record was filed in this court and the appeal docketed as No. 40,155. May 2, 1938, defendant moved to dismiss the appeal because the transcript of record was filed more than 60 days after the filing of the notice of appeal in the trial court, one day late under Supreme Court Rule 36 (2a) and Appellate Court Rule 1 (2a). The motion to dismiss was allowed May 6; at the same time, on countermotion of plaintiff and as a part of the same order, leave was given to file a petition for leave to appeal under Rule 29 Supreme Court and Rule 19 of this court, in conformity with the provisions of section 76 of the Civil Practice Act. By the order plaintiff was allowed 15 days in which to file his petition and leave was also given to withdraw the record to be refiled *under the new number*. In support of the countermotion plaintiff showed the illness of counsel from March 27, 1938, until the middle of April, also a meritorious defense. May 9, 1938, defendant moved

to vacate and expunge that part of the order of May 6 which granted leave to plaintiff to file petition for leave to appeal, to withdraw the record, etc. This motion was denied May 13, 1938. May 21 plaintiff filed his petition for leave to appeal; the petition set up facts and proceedings as heretofore stated; the prayer of the petition was allowed.

Defendant on June 17, 1938, answered, asserting plaintiff had no right to perfect more than one appeal and denying the jurisdiction of the court to permit the filing of a second notice. The answer also asserted the second amended complaint stated no cause of action. In support of the contention that this court was without jurisdiction *People ex rel. Bender v. Davis,* 365 Ill. 389, was cited.

We have considered the record on the merits. A majority of this court (the writer not concurring) hold the second amended complaint states a good cause of action, and the trial court erred in striking the complaint and dismissing the suit. The jurisdiction point presents a question of controlling importance and calls for an interpretation of section 76 of the Civil Practice Act and the rules of the Supreme and of this court enacted pursuant thereto.

Prior to the decision of the Supreme Court in *Bender v. Davis,* it was the practice of all divisions of this court to construe section 76 of the Civil Practice Act as granting jurisdiction after the expiration of 90 days from the rendition of judgment by the trial court and within one year upon petition to grant leave to appeal when a notice of appeal theretofore filed within the 90 days had proved ineffective or abortive and a party not guilty of *culpable negligence* had a meritorious case. We adopted this construction of the statute because it was apparent otherwise many litigants, without fault, by a mere technicality would be denied their right to have judgment against them reviewed, and because we relied upon the provisions of

the Civil Practice Act that it was to be liberally construed. We were of the opinion a notice of appeal which had become abortive and insufficient to confer jurisdiction might be regarded as nonexistent. We also were mindful that the constitution guaranteed the right of review by writ of error and that the Civil Practice Act broadened the process of appeal to include judgments, orders or decrees heretofore reviewed either by appeal or writ of error and abolished the writ of error as a mode of review of judgments in civil cases. Section 74 of the Civil Practice Act provides the method of review shall be by notice of appeal only, and "such appeal shall be deemed to present to the court all issues which heretofore have been presented by appeal and writ of error." Under the former practice, upon the happening of a contingency which rendered the remedy by appeal ineffective, it was usual to obtain review by suing out a writ of error which might be done as a matter of right within the time allowed by the Statute of Limitations. Under the old practice an appeal was purely statutory and since at that time a writ of error was a writ of right at common law and generally might be prosecuted as a matter of right in all civil cases, it was held that in prosecuting an appeal the statute should be strictly followed. The reason for the old rule that in prosecuting an appeal the statute must be strictly complied with no longer obtains because the writ of error in civil cases has been abolished, and review by that method is not available. Under the old practice, if counsel made a slip in perfecting his appeal he could abandon it because he could have the judgment reviewed by writ of error where the whole record would be searched. *Drummer Creek Drain Dist. v. Roth*, 244 Ill. 68.

It is now contended under the law as stated in *Bender v. Davis*, such litigants are left without remedy and this court without jurisdiction. The third division of this court has given this interpretation to the opinion

of the Supreme Court in *Bender v. Davis:* in *Schroeder v. Campbell,* 289 Ill. App. 337, 7 N. E. (2d) 329; and in *Moss v. Federal Life Ins. Co.,* 289 Ill. App. 379, 7 N. E. (2d) 468. Appellate Courts are obligated to follow the construction of the statutes adopted by the Supreme Court, and in view of the importance of the question we have given careful consideration to *Bender v. Davis.*

We have concluded our brethren of the third division misapprehended the scope and effect of that decision. The case in the Supreme Court was by way of original petition for mandamus directed to the Appellate Court of the Third District. The petition prayed an order entered in that court might be expunged. The facts disclosed were that June 29, 1935, the relator, Martha L. Bender, as administratrix, recovered judgment in the circuit court of McLean county against the Alton R. Co. for $7,500 and costs; July 13, 1935, the railroad company filed notice of appeal to the Appellate Court; July 18 defendant filed its praecipe for record; September 9, 1935, the report of the proceedings of the trial was certified and filed, and October 2, 1935, the completed record was filed in the Appellate Court; December 18, 1935, abstracts and briefs were filed by the railroad company and the cause docketed; December 30 plaintiff filed notice of a motion to dismiss the appeal or affirm for failure of defendant to comply with the rules of the Appellate Court, pointing out in particular that the brief did not properly set forth "the errors relied upon for reversal," as required; January 7, 1936, the motion came on for hearing; the court entered an order finding, "That the appellants in preparing briefs and abstracts have clearly violated the rules of this Court and are subject to censure and criticism for the detailed statement and for the voluminous quotations from the testimony both in the Statement and in the Abstract filed, which is an imposition upon this Court, but believing that the granting of the mo-

tion would delay and hinder the final disposition of the case and that Appellee can be protected on a proper motion to retax costs if that becomes necessary. IT IS THEREFORE ORDERED that the motion to affirm judgment is hereby denied.'' January 8, the defendant filed a reply brief and the same day the cause was argued orally and the defects of the briefs of the railroad company again pointed out. The defendant made no request for leave to amend its brief. Thereafter the case of *Farmers State Bank of Belvidere v. Meyers*, 282 Ill. App. 549, decided in the second district, was called to the attention of the court, it having first appeared January 15, 1936, after the submission of the cause. February 29, 1936, the Appellate Court (Third District) filed a *per curiam* opinion and entered an order dismissing the appeal for failure to comply with the rule. April 7, 1936, defendant's petition for rehearing was denied. Prior to that time, on March 15, 1936, defendant filed in the Appellate Court its petition for leave to appeal from the same judgment under section 76 of the Civil Practice Act and rules of the court pursuant thereto. On the same day the Appellate Court entered an order granting the prayer of the petition; a few days thereafter plaintiff by leave filed her petition for mandamus in the Supreme Court, and at the February term, 1937 the court awarded the writ and directed that the order of April 7 should be expunged. While so deciding the court explained the ground and reasons for its decision.

The opinion was careful to point out that a writ of mandamus could not perform the office of a writ of error or an appeal. The opinion states (p. 390): ''*Mandamus* cannot be made to perform the office of a writ of error or of *certiorari* or appeal. *People v. Shurtleff*, 355 Ill. 210; *Eisen v. Zimmer*, 254 id. 43.''

The opinion further said:

''By dismissing the railroad company's first appeal the respondents enforced a rule of court. Whether

their action could have been reviewed by this court, or whether the railroad company, had it sought leave, might have been permitted to amend its brief and to comply with the rules, or whether granting leave to file the second notice of appeal was in effect granting such leave to amend, are all questions which we cannot properly pass on in a *mandamus* case."

It is a fair inference from this language that if the order of dismissal of the Appellate Court had been before the Supreme Court for review the Supreme Court would have reversed the order dismissing the cause with directions to the Appellate Court to enter a rule on the defendant to file an amended brief and to consider the appeal upon the merits. It appears that in two important respects the record before this court is distinguishable from that upon which the Supreme Court passed in the *Bender v. Davis* case.

First, in that consideration of the order dismissing the appeal was limited by the legal nature of the proceeding. The order of dismissal was not and could not in that proceeding be challenged. Here, both the order of dismissal and the order permitting leave to file a second notice of appeal are before this court for consideration on the merits. Neither order is questioned collaterally, as was the case in *Bender v. Davis*. This distinction is important.

In the second place, the *Bender v. Davis* case and this case are distinguishable upon fundamental and controlling facts. In the *Bender v. Davis* case the appeal had been considered on the merits; briefs had been filed and oral arguments heard. The attention of the defendant had been three times called to the defective character of its briefs. In the instant case the plaintiff was given no further opportunity to comply with the rule which he had inadvertently transgressed. By a mere inadvertence, through illness, plaintiff failed by a single day to comply with the rules of the court. The strict enforcement thereof would compel this court

to deny to him a review of a judgment which a majority of the court have decided is unjust and erroneous. Manifestly, there is a fundamental distinction between a proceeding in which the notice of appeal (as in the *Bender v. Davis* case) had performed the function it was created to perform, and the notice of appeal in this case which has utterly failed through misadventure to perform such function. These two distinctions, we think, justify the conclusion that the decision in the *Bender v. Davis* case is not applicable to the facts before us in this case. The intention of the legislature in the enactment of the Civil Practice Act is not doubtful. Section 4 of that act (Ill. Rev. Stat. 1937, ch. 110, par. 128, p. 2382 [Jones Ill. Stats. Ann. 104.004]) provides:

"This Act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties, and the rule that statutes in derogation of the common law must be strictly construed shall not apply to this Act or to the rules made pursuant thereto.

"No statute hereafter enacted shall be construed to limit or affect the provisions of this Act or the rules adopted in accordance therewith, unless expressly declared to supersede or take precedence of designated provisions thereof or designated rules adopted pursuant thereto."

Section 76 of the Civil Practice Act provides that an appeal may be taken from judgments and decrees within 90 days as a matter of right, but that after the expiration of 90 days and within a year from the rendition of the judgment an appeal may be allowed by the reviewing court, provided the party appealing has not been guilty of *culpable* negligence and that there is merit in his appeal. The section reads: "Notice of appeal may be filed after the expiration of said ninety days, and within the period of one year, by order of

the reviewing court, upon motion and notice to adverse parties, and upon a showing by affidavit that there is merit in appellant's claim for an appeal and that the delay was not due to appellant's culpable negligence.''

In the instant case plaintiff presented facts bringing him within the provisions of the statutes. Certainly there was no ''culpable negligence'' and a majority of the court, after careful consideration of the briefs, have found that there is merit in his appeal.

Not only the sections of the Civil Practice Act already quoted but section 92 of the same act (Ill. Rev. Stat. 1937, ch. 110, par. 216, p. 2415 [Jones Ill. Stats. Ann. 104.092]) precludes a strict construction of that act. Section 92 provides that the reviewing court may order or permit the record to be amended by correcting errors or by adding matters which should have been included, and it may make not only orders which the lower court should previously have made but also ''such other and further orders and grant such relief . . . as the case may require.'' The distinction between a case where an appeal has been heard upon the merits and a case where an appeal taken has proved to be abortive, making consideration of the case on the merits impossible, is fundamental. Section 76 (2) of the Civil Practice Act (Ill. Rev. Stat. 1937, ch. 110, par. 200, p. 2410 [Jones Ill. Stats. Ann. 104.076]) further provides that only the filing of the notice of appeal shall be jurisdictional. We therefore held that notwithstanding the order of dismissal entered, this court has jurisdiction in this cause.

Holding that we have jurisdiction and a majority of the court being of the opinion the trial court erred in striking plaintiff's second amended complaint and dismissing his suit, the judgment is reversed and the cause remanded for proceedings consistent with this opinion.

*Reversed and remanded with directions.*

McSURELY, P. J., and O'CONNOR, J., concur.