## BENJAMIN M. THOMAS

*v.*

## THE JOHN O'BRIEN LUMBER COMPANY *et al.*

*Opinion filed April 17, 1900.*

1. APPEALS AND ERRORS—*record, on appeal, must contain enough to present the errors assigned.* In removing a cause to an Appellate Court for review it is not necessary that the transcript of the record contain everything of record in the trial court, but it must be complete for the determination of the errors assigned, and be sufficient to fully and fairly present the questions involved.

2. SAME—*application for extension of time must be made on or before second day of term.* An application for further time to file the transcript of a record, required by section 72 of the Practice act to be

filed in the office of the clerk of the Appellate Court on or before the second day of the term, must be made on or before such day.

3. SAME—*when Appellate Court must dismiss appeal.*  Under section 72 of the Practice act the record, so far as the appellant is concerned, is closed on the second day of the term, unless within that time the court has granted an extension of time to complete it, or there is an inadvertent diminution through mistake of the clerk.

4. SAME—*appellee may apply to have record completed after second day.*  The appellee may, by leave of the court, applied for after the second day of the term, bring up omitted portions of the record.

5. SAME—*judgment of Appellate Court dismissing an appeal is a final judgment.*  A judgment of the Appellate Court dismissing an appeal because the record was not filed in time is a final judgment, upon which the appellant has a right to assign error in the Supreme Court and have the judgment of the latter court thereon.

*Thomas* v. *John O'Brien Lumber Co.* 86 Ill. App. 181, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

BENJAMIN M. THOMAS, *pro se.*

LEVI SPRAGUE, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The superior court of Cook county granted to appellant an appeal to the Appellate Court for the First District from a decree establishing mechanics' liens against his premises in favor of the appellees. He complied with the condition of the order on April 18, 1898, by filing his appeal bond, and on October 5, 1898,—the second day of the next term of said Appellate Court,—he filed with the clerk thereof an authenticated copy of part of the record, consisting of the decree, the order allowing the appeal and his appeal bond. On October 14, 1898,—the eleventh day of the term,—he suggested a diminution of the record, and leave was given him to file a supplemental transcript of record, which he did. The cause was submitted

to the Appellate Court, and upon consideration of the errors assigned it was found that the original record, filed on the second day of the term, did not present any error so assigned, and the appeal was dismissed for failure of appellant to file a sufficient transcript of the record within the time required by law. Appellant prosecuted this further appeal from said judgment of dismissal.

A motion was made in this court by the appellee the John O'Brien Lumber Company to dismiss this appeal because the transcript of record was not filed in the Appellate Court within the time limited by the statute. Appellant having assigned as error that the Appellate Court erred in dismissing his appeal and entering judgment against him, he has a right to the judgment of this court on such alleged error. The judgment was final and dismissed the appeal out of the Appellate Court, and appellant had a right to prosecute this appeal to determine the propriety of that judgment. The motion was therefore denied.

In removing a cause to an Appellate Court for review it is not necessary that the transcript of the record should contain everything which is of record in the trial court, but it must be complete for the determination of the errors assigned and be sufficient to fully and fairly present the questions involved. More than twenty days intervened between the last day of the term at which the order or decree of the superior court appealed from was entered and the sitting of the Appellate Court, and section 72 of the Practice act required appellant to file his transcript in the office of the clerk of the Appellate Court on or before the second day of the term, unless further time had been granted by the Appellate Court upon good cause shown. It has always been held that the application for such further time must be made on or before the second day of the term. (*Rager* v. *Tilford,* Breese, 407; *Adams* v. *Robertson,* 40 Ill. 40; *Cook* v. *Cook,* 104 id. 98; *Patterson* v. *Stewart,* id. 104; *Gadwood* v. *Kerr,* 181 id. 162.) In

order to obtain further time, a transcript showing the existence of a judgment in the trial court and the formal requisites to transfer the cause from the trial court to the Appellate Court should be filed on or before the second day of the term.   There should be enough to show a judgment or decree of the court, the allowance of an appeal and perfecting the appeal by the bond, so as to show the pendency of the cause in the Appellate Court on appeal.   With such a transcript authorizing the Appellate Court to act, the appellant may make an application for an extension of time to complete the record.   This rule was stated in *Cook* v. *Cook, supra,* where the court said: "The appellant should have filed in proper time a transcript of so much of the record as was then obtainable, had the cause placed upon the docket, and then entered a motion for further time in which to bring in the remaining portion of the record.   Not having filed a complete transcript within the time prescribed by the statute, or a transcript of so much of the record as could be obtained, and asked for further time to complete the same, within the requirement of the rule, the appellee was entitled to have the appeal dismissed."   So far as the appellant is concerned the record is closed on the second day of the term, unless within that time the court has granted further time to complete it, or there is a diminution of the record in some particular through accident or mistake or misprision of the clerk making the transcript.   In case of such diminution the court may, in its discretion, permit the deficiency to be supplied.   The opposite party is not barred in that respect, but may afterward, by leave of court, bring up omitted portions of the record.   Here there was no substantial compliance with the statute.

The Appellate Court was bound to dismiss the appeal, and the judgment is affirmed.        *Judgment affirmed.*