(No. 23662.— )

THE PEOPLE *ex rel.* Martha L. Bender, Admx., Petitioner, *vs.* JOE A. DAVIS *et al.* Judges, Respondents.

*Opinion filed December 10, 1936—Rehearing denied Feb. 3, 1937.*

ORR and WILSON, JJ., dissenting.

HAL M. STONE, BRANSON WRIGHT, and R. H. IMIG, for petitioner.

BRACKEN, RADLIFF, LIVINGSTON & MURPHY, (SILAS H. STRAWN, HAROLD A. SMITH, W. K. BRACKEN, and CHARLES J. CALDERINI, of counsel,) for respondents.

Mr. JUSTICE FARTHING delivered the opinion of the court:

We granted leave, and a petition for an original writ of *mandamus* was filed in this court directed against Joe A. Davis, Max F. Allaben and William J. Fulton, as judges of the Appellate Court for the Third District. The re-

lator seeks to have expunged from the records of that court an order which permitted the Alton Railroad Company to file there its notice of appeal within one year from the rendition of a judgment for relator in the trial court. The company had previously appealed by filing its notice in the trial court within ninety days from the date of the judgment. However, it failed to incorporate in its brief in that appeal the errors relied upon for reversal at the close of its statement of the case. There is some dispute between the relator and the respondents as to whether the respondents granted leave to the company to file the notice of appeal in their court before the petition for rehearing had been denied in the original appeal, but in the view we take this is not material.

The respondents suggest that their action in allowing the company to file the notice of appeal and to comply with the rule which required the statement of errors relied on to be inserted in the brief, etc., amounted to nothing more than leave to amend the company's brief. We could not pass on the propriety of such leave to amend and thus review the Appellate Court's judgment by *mandamus*. *Mandamus* cannot be made to perform the office of a writ of error or of *certiorari* or appeal. *People* v. *Shurtleff*, 355 Ill. 210; *Eisen* v. *Zimmer*, 254 id. 43.

The sole question presented by the original proceeding is, Does the Civil Practice act authorize a party to a judgment or decree to perfect more than one appeal? Through Mr. Justice Cartwright we reviewed the history of and distinctions between writs of error and appeals in *Anderson* v. *Steger*, 173 Ill. 112. It is not necessary to repeat that discussion here. We pointed out that an appeal is created by statute in connection with the constitution, and the right to appeal must be availed of by the parties authorized in strict compliance with the statute. (See, also, *Davison* v. *Heinrich*, 340 Ill. 349; *Hall* v. *First Nat. Bank*, 330 id.

234; *Hill* v. *City of Chicago,* 218 id. 178.) From these decisions it follows that if the order granting leave to the railroad company to file its second notice of appeal was valid, respondents must have statutory authority to enter it.

Section 74-(1) of the Civil Practice act (110 S. H. A. 198; State Bar Stat. 1935, chap. 110, par. 202;) reads: "Every order, determination, decision, judgment or decree, rendered in any civil proceeding, if reviewable by the Supreme or Appellate Court of this State by writ of error, appeal or otherwise, shall hereafter be subject to review by notice of appeal, and such review shall be designated an appeal and shall constitute a continuation of the proceeding in the court below. Such appeal shall be deemed to present to the court all issues which heretofore have been presented by appeal and writ of error."

Section 76 is in part as follows: "(1) No appeal shall be taken to the Supreme or Appellate Court after the expiration of ninety days from the entry of the order, decree, judgment or other determination complained of; but, notice of appeal may be filed after the expiration of said ninety days, and within the period of one year, by order of the reviewing court, upon motion and notice to adverse parties, and upon a showing by affidavit that there is merit in appellant's claim for an appeal and that the delay was not due to appellant's culpable negligence. * * * (2) An appeal shall be deemed perfected when the notice of appeal shall be filed in the lower court. After being duly perfected no appeal shall be dismissed without notice, and no step other than that by which the appeal is perfected shall be deemed jurisdictional."

By dismissing the railroad company's first appeal the respondents enforced a rule of court. Whether their action could have been reviewed by this court, or whether the railroad company, had it sought leave, might have been permitted to amend its brief and to comply with the rules, or

whether granting leave to file the second notice of appeal was in effect granting such leave to amend, are all questions which we cannot properly pass on in a *mandamus* case. The legislative intention is clear. The right to appeal is absolute if exercised within ninety days from the rendition of the judgment, decree or determination of the trial court. Thereafter, and within the year, the appellant must show by affidavit that his appeal has merit and that the delay was not due to his culpable negligence. But if an appellant files notice of appeal in the trial court within ninety days he has taken his appeal and no delay exists. It follows that the appellant could not show by affidavit that the non-existent delay was not due to his culpable negligence. He has had the appeal the legislature intended him to have.

The legislature also intended that judgments and decrees should become final within ninety days, but it provided against injustice by permitting a reviewing court to grant leave to appeal upon a proper showing within the remainder of the one year. This provision has no application to the case before us. There is nothing in the act authorizing a court of review to grant permission to an appellant to file its notice of appeal in the reviewing court after it had availed itself of the right, within ninety days, to file such notice of appeal in the trial court. When the original appeal was dismissed the suit was ended.

The order of the respondents, as judges of the Appellate Court for the Third District of Illinois, was entered without power or authority and was void. The writ is therefore awarded as prayed. *Writ awarded.*

ORR and WILSON, JJ., dissenting.