(No. 25851.

The Spivey Building Corporation, Appellee, *vs.* The Illinois Iowa Power Company, Appellant.

*Opinion filed December 16, 1940.*

McLin J. Brown, and E. Bentley Hamilton, for appellant.

Kramer, Campbell, Costello & Weichert, for appellee.

Mr. Justice Shaw delivered the opinion of the court:

This is an appeal from the Appellate Court for the Fourth District, wherein the cause was heard on appeal from the circuit court of St. Clair county. In the Appellate Court an order was entered dismissing the appeal from the circuit court and a certificate of importance was granted permitting an appeal to this court to review that judgment of dismissal.

In the circuit court, on September 7, 1939, the Spivey Building Corporation recovered a judgment against the Illinois Iowa Power Company and a notice of appeal from that judgment to the Appellate Court for the Fourth District was filed under the provision of the Civil Practice act. The appellant, however, failed to file any transcript of the proceedings as provided by the Practice act, and, after the time limited for the filing thereof, on motion of the appellee in the circuit court that appeal was dismissed. Thereafter, and within one year from the date of the original judgment, the appellant filed a petition for leave to appeal in the Appellate Court. In that petition it was alleged that the delay in filing a transcript was not due to the culpable negligence of the appellant, but was the fault of others, and that the delay was entirely caused by matters not within its control. This petition for leave to appeal was allowed, but, on a further consideration of the matter, the Appellate Court, on its own motion, rescinded its action and dismissed the appeal on authority of *People* v. *Davis,* 365 Ill. 389. This judgment of dismissal is the one appealed from and to which the certificate of importance has been granted.

Before this case was taken on the advisement docket, a motion was filed to dismiss the appeal on the alleged ground that the Appellate Court was without jurisdiction to issue a certificate of importance on the judgment which had been entered. The motion was taken with the case, but, on further consideration, we find it must be denied. The judgment of the Appellate Court dismissing the appeal was a final judgment and appealable. (*Thomas* v. *O'Brien Lumber Co.* 185 Ill. 374.) The certificate of importance issued by the Appellate Court gave the appellant a right to appeal and conferred jurisdiction on this court.

The sole question presented here is whether, under section 76 of the Practice act, (Ill. Rev. Stat. 1939, chap. 110, par. 200,) more than one appeal can be perfected. This point was passed on by this court in *People* v. *Davis, supra,*

where it was said: "The right to appeal is absolute if exercised within ninety days from the rendition of the judgment, decree or determination of the trial court. Thereafter, and within the year, the appellant must show by affidavit that his appeal has merit and that the delay was not due to his culpable negligence. But if an appellant files notice of appeal in the trial court within ninety days he has taken his appeal and no delay exists. It follows, that the appellant could not show by affidavit that the non-existent delay was not due to his culpable negligence. He has had the appeal the legislature intended him to have."

The judgment of the Appellate Court for the Fourth District in dismissing the appeal was correct, and is affirmed.

*Judgment affirmed.*