Newell Mecartney, Appellant, v. Louise Hale and John Clinkunbroomer, Appellees.
Louise Hale and John Clinkunbroomer, Appellees, v. Newell Mecartney and John Kern, Appellants.

Gen. No. 42,371.

Opinion filed April 20, 1943. Rehearing denied May 4, 1943.

NEWELL MECARTNEY, *pro se,* and for appellant John Kern.

JOHN W. GORBY, JR., of Carthage, and GEORGE P. NOVAK, of Chicago, for appellees.

MR. JUSTICE FRIEND delivered the opinion of the court.

Defendants Louise Hale and John Clinkunbroomer had judgment against Newell Mecartney, plaintiff, for possession of premises in Evanston, Illinois, before a justice of the peace, together with costs of the proceedings, from which plaintiff appealed to the municipal court of Evanston. After a full hearing before Judge HARRY H. PORTER a like judgment was again rendered in favor of defendants. Plaintiff took an appeal to the Supreme Court of Illinois, filed his bond, which forms the basis of the counterclaim herein, but because of his failure to comply with rule 36 of the Supreme Court with respect to filing of the record, the appeal was dismissed. Thereafter plaintiff lodged his complaint in chancery in the superior court September 15, 1939 to restrain the enforcement of the judgment of the municipal court of Evanston. He applied for a temporary restraining order, which was denied. Defendants interposed a counterclaim, predicated upon the bond which plaintiff had filed in connection with his appeal to the Supreme Court, to which answer was duly filed by plaintiff. June 16, 1941 plaintiff's motion to strike defendants' answer was denied, and de-

fendants were permitted to amend their reply to include the defense of *res adjudicata*, and at the same time they were given leave to move for summary judgment under their counterclaim. Defendants having filed their amendment in pursuance of the order of June 16, the parties appeared before the chancellor June 30 for a hearing on defendants' motion for summary judgment and also disposition of the complaint. A hearing was had on the pleadings and defendants' supporting affidavit, following which the chancellor instructed counsel for defendants to draw the final judgment order. Such order was prepared by counsel and entered by the court on the second succeeding day, July 2, 1941. Subsequently plaintiff moved for leave to file a petition and motions for a stay of execution, for a new trial, and for arrest of judgment. These various motions were entered and continued by Judge O'CONNELL during vacation until the reconvening of court in fall. February 11, 1942 Judge SCHWABA denied plaintiff's petition and various motions, from which plaintiff has taken an appeal.

The principal ground urged for reversal is that the trial court had no jurisdiction to enter any judgment because of defendants' failure properly to serve notice of the order dismissing his complaint, and for summary judgment in favor of defendants under their counterclaim. A full hearing had been had before Judge SCHWABA, at the close of which defendants' counsel were directed to prepare an order dismissing the complaint for want of equity, and for a judgment for defendants on their counterclaim. Plaintiff, who was present in court, was then advised by counsel that the order would be prepared later in the day and submitted to him for inspection. No objection was made to this procedure. The order was later prepared, and defendants' counsel tried to contact plaintiff during that and the succeeding day by leaving telephone messages at his office, to which no response was received.

They say that they finally informed the person who answered plaintiff's telephone that they would draft the order and ask the court to enter it the succeeding day. They also prepared a notice, which was mailed that evening to plaintiff's office at Halsted street and North avenue, and inclosed a copy of the judgment order.

Plaintiff's argument that the judgment order was void for want of jurisdiction is predicated on sec. 1 of rule 16 of the superior court, which provides that "No motion will be heard or order made in any cause without notice to the opposite party," and sec. 2 of rule 17, which prescribes that if such notice is forwarded by mail, "then the envelope enclosing a copy of the notice and copies of any supporting papers shall be deposited in the postoffice or postoffice box at least thirty-six hours before the motion is to be heard." These rules have application to the notice required when a hearing is to be had, but we do not think they apply to the circumstances of this case, where after full hearing the court indicated its ruling and instructed counsel for defendants to prepare the order. The judgment order conformed with the court's announcement as to the disposition of the cause, and plaintiff knew that it would subsequently be entered. His office was notified as to the time the order would be presented, and he had a copy thereof. No further notice was required.

The judgment for possession in favor of defendants, the enforcement of which plaintiff sought to enjoin in this proceeding, became final upon the dismissal of his appeal to the Supreme Court through his own neglect. His remedy was to perfect the appeal, and since he failed to do so, the chancellor properly refused to enjoin the enforcement of the order upon plaintiff's failure to exhaust his remedy at law. High on Injunctions, p. 148; *Palmer v. Gardiner,* 77 Ill. 143. The judgment sought to be restrained and the issues

raised in his complaint were held by the chancellor to be *res adjudicata* by reason of plaintiff's failure to perfect his appeal. Moreover, the judgment for possession has been fully executed. The lease under which plaintiff took possession of the premises in Evanston expired April 30, 1940. Plaintiff was thereafter evicted, and the question of his right to possession has become moot.

With respect to the counterclaim, defendants are entitled to judgment for $60.30 costs, and for rental of the premises from April 1, 1939 to September 30, 1939 at $45 a month, making a total of $330.30. The affidavit of Louise Hale, one of the defendants, in support of the summary judgment under the counterclaim, is in compliance with the statute, and we perceive no reason why defendants should not be entitled to recover the amount awarded them.

The order of the superior court, entered February 11, 1942, and the rulings on plaintiff's various motions are therefore affirmed.

*Order affirmed,*

SULLIVAN, P. J., and SCANLAN, J., concur.