Helen Mederacke, Plaintiff-Appellee, v. William J. Becker, et al., Administrator With Will Annexed of the Estate of Richard Mederacke, Deceased, and Elda Naggi, Defendants. William J. Becker, et al., Defendants-Appellants.

Gen. No. 10,599.

Fourth District.

March 8, 1965.

McGrady and Madden, of Gillespie, and William J. Becker, of Clayton, Missouri (Denis A. McGrady, of counsel), for appellants.

John R. Sprague, of Belleville, for appellee.

TRAPP, J.

The defendants, William J. Becker and Dorothy P. Becker, appeal from certain decrees of the trial court dated May 8, 1961, and May 2, 1963.

The decree of the Circuit Court entered on May 8, 1961, found that the plaintiff, Helen Mederacke, was the true and lawful owner of the described real and personal property and ordered the defendants, William J. Becker and Dorothy P. Becker, to convey said real estate to the plaintiff by good and sufficient instruments of conveyance. It further ordered that the described personal property in the possession of the defendants be delivered instanter to the plaintiff. The decree found, ". . . that there is no just reason for delaying enforcement or appeal . . . " of the order with respect to either the real property or the personal property. The decree further orders that the defendants pay the costs of the proceedings to date itemized to total $4,116.14.

It appears that thereafter the real property and the possession of the personal property in issue were transferred to the plaintiff on or about June 8, 1961.

Notice of appeal from the decree of May 8, 1961, to the Supreme Court was filed on August 2, 1961, and a praecipe for record was filed on August 11, 1961, by defendants, William J. Becker and Dorothy P. Becker. The appeal was dismissed by the Supreme Court on November 22, 1961, for failure to file the record on appeal as required by the rules of the court. The plaintiff contends that this appeal, so far as it undertakes to be an appeal from the decree of the trial court determining the title and possession to real and personal property entered May 8, 1961, must be dismissed for the reason that such decree was a final and appealable order, that defendants' appeal from such decree was dismissed in the Supreme Court for failure to complete the appeal under the rules and

130

that under the Civil Practice Act and the rules of the court there is no provision for a second appeal.

It is the contention of the defendants that the present appeal "is the first appeal taken in this case," and that to hold that the decree of May 8, 1961, is res judicata, would be to deny the defendant a right to appeal.

We believe it to be clear that the decree of May 8, 1961, was a final and appealable order. Under the practice existing prior to the adoption of section 50(2) of the Civil Practice Act in 1955, this decree was final within the meaning of section 77(1) of the Civil Practice Act, since it adjudicated and determined the ultimate rights of the parties as to the title and ownership of real and personal property and was a separable issue from the accounting ordered in the decree, which latter issue was a mere incident flowing from the rights established by such decree. Barnhart v. Barnhart, 415 Ill 303, 114 NE2d 378 (1953).

The decree of May 8, 1961, being in effect a final appealable order, the trial court properly and clearly made the finding required by section 50(2) of the Civil Practice Act that there was no just reason for delaying the enforcement or appeal of the decree so entered.

Defendants' appeal from such decree was perfected in the Supreme Court when the notice of appeal was filed on August 2, 1961. (Ill Rev Stats 1961, c 110, § 76(2)). Such perfected appeal having been dismissed by the Supreme Court by reason of the failure of the defendants to complete the appeal as required under the statutes and the rules of the court, may the latter now have the benefit of an appeal from the decree of May 8, 1961, when he perfects an appeal from a subsequent decree of the trial court entered on May 2, 1963, following an accounting?

We have sought to consider the Illinois cases relating to the rights of a party to further relief when his appeal has been dismissed in the reviewing court. In Palmer v. Gardiner, 77 Ill 143 (1875), the defendants' appeal to the Supreme Court was dismissed for his failure to file the necessary record on appeal. Thereafter, the defendant sought to enjoin the collection of a judgment entered against him. His complaint for injunction being dismissed below, defendant again appealed to the Supreme Court. That court held that upon defendant's failure to file the necessary record as was his duty under the rules, ". . . appellant lost all right to further prosecute his appeal, and, under the long settled practice, the appeal could be dismissed. . . ."

Following the adoption of the Civil Practice Act, our Supreme and Appellate Courts have consistently held that where a notice of appeal has been filed, there was no provision in the statute for filing a second notice of appeal. Corrigan v. Von Schill College of Chiropody & Pedic Surgery, 277 Ill App 350. We note that in Lanquist v. Grossman, 282 Ill App 181 (1935), and in Cullinan v. Cullinan, 285 Ill App 272, 1 NE2d 921 (1936), it was contended that the appellant had the option to abandon or disregard the appeal perfected by filing the first notice of appeal and could proceed under a second notice of appeal. The Court held, however, that the second appeal should be dismissed for want of statutory sanction.

Again, in People ex rel. Bender v. Davis, 365 Ill 389, 6 NE2d 643, the appellants perfected an appeal by notice of appeal to the Appellate Court but failed to comply with the rules in completing such appeal, and the appeal was dismissed. Thereafter, by a subsequent order, the Appellate Court permitted appellant to file its notice of appeal under the provisions of the statute for appeal within one year from the date

of the judgment. The Supreme Court awarded a writ of mandamus expunging the order of the Appellate Court which allowed appellant to file the second notice of appeal under the provisions of the statute allowing the filing within one year from the date of the judgment and stated that the Legislature did not intend to grant the right to file a second notice of appeal after one appeal had been perfected and that appeal dismissed. This case was prior to the amendment of section 76(1) of the Civil Practice Act which provided that prior filing of a notice of appeal would not preclude filing a petition for leave to appeal.

In Spivey Bldg. Corp. v. Illinois Iowa Power Co., 375 Ill 128, 30 NE2d 641 (1940), defendant filed his notice of appeal but failed to complete the appeal under the rules and statute and such appeal was dismissed in the Appellate Court. A petition for leave to appeal was thereafter allowed, but the Appellate Court, upon consideration of People v. Davis, dismissed the appeal. The Appellate Court granted a certificate of importance but the Supreme Court affirmed the dismissal of the appeal for the reason set forth in the opinion in People v. Davis. Thereafter, in 1941, the Legislature amended section 76 of the Civil Practice Act to include the language of paragraph 1 of the section:

> . . . "The fact that appellant may have filed a notice of appeal prior to the filing of his petition for leave to appeal does not deprive the reviewing court of the power in its discretion to grant leave to appeal." . . .

In People v. Bristow, 391 Ill 101, 62 NE2d 545 (1945), appellant filed his notice of appeal, but thereafter moved to dismiss the appeal "without prejudice" when it was discovered that there was no judgment entered in the lower court and that the

133

appeal was premature. The Appellate Court entered an order vacating the order of dismissal and a written order reinstating case on appeal. Mandamus was brought to compel the Appellate Court to expunge such orders. The Supreme Court held that the Appellate Court did not have the power to vacate the order dismissing the appeal for the voluntary dismissal removed the appeal from the jurisdiction of the court. It was held, however, that:

> . . . "The appellant was free to perfect another appeal in any manner authorized by statute. If it failed to exercise or pursue that right, it was prejudiced, not by the order dismissing the appeal, but by its own inaction. The judgment having been entered more than ninety days before the appeal was dismissed, the only right to appeal from the judgment at that time was by petition for leave to appeal under section 76 of the Civil Practice Act."

In Mecartney v. Hale, 318 Ill App 502, 48 NE2d 570 (1943), plaintiff filed notice of appeal from a judgment for possession of certain real estate. An appeal to the Supreme Court was dismissed for failure to comply with the rules. The Appellate Court affirmed the dismissal of a complaint for injunction to restrain enforcement of the judgment, holding that the appellant's remedy was to perfect his appeal which had been dismissed for his own negligence and that upon failure to complete his appeal, the decree of the lower court became res judicata.

Despite the assertions of the defendants herein that this is the first appeal of the decree of May 8, 1961, defendants did, in fact, perfect their appeal, but the same was dismissed in the Supreme Court. The record shows no petition for leave to appeal within one year as provided under section 76(1) of the Civil

Practice Act upon a showing of meritorious grounds and want of culpable negligence in failing to complete his appeal.

This review of the historical developments of policy with regard to appeal shows that our courts have consistently held that a party who perfects his appeal has a duty to proceed and to complete the review of the issue or issues. The courts have rejected the argument that the appellant who perfects an appeal may elect to abandon or disregard such appeal and proceed with a subsequent second appeal. On the contrary, they have held that the Legislature intended that a party should have but one appeal.

At the time of the amendment of section 76 of the Civil Practice Act in 1941, as hereinabove quoted, the Legislature presumably contemplated the question of whether or not a party should have more than one appeal. The Supreme Court construed that amendment in People v. Bristow, 391 Ill 101, 62 NE2d 545. As we have noted, in adopting the amendment of section 76(1) of the Civil Practice Act in 1941, the Legislature did not see fit to specifically provide for more than one appeal and has made no further amendment affecting this question since the opinion of People v. Bristow, 391 Ill 101, 62 NE2d 545. The Supreme Court, in this opinion, finds that there is a statutory relief for those meritorious cases where the perfected appeal falls short of fruition by reason of mishaps or error for which the appellant should not be held responsible, and the Legislature has not yet seen fit to extend the right of appeal to provide for a succession of appeals or to provide that a party may commence or abandon and renew his appeal or appeals at his election.

We believe that these views are fortified after consideration of the statutes, and of the rules adopted by

the Supreme Court. Section 76 of the Civil Practice Act, in its paragraph 2, provides:

"An appeal is perfected when the notice of appeal is filed in the lower court. After being perfected no appeal shall be dismissed without notice, . . . "

Again, Rule 36(1)(e) provides that prior to the filing of the record in the reviewing court, "The trial court may dismiss the appeal upon stipulation of the parties. . . ."

The concept at hand is that no appeal, once perfected, may be dismissed without the opposing party being heard, and that any order in either the trial court or the reviewing court should make appropriate provision for the protection of the interests of the parties. If we accept plaintiff's theory, he would be permitted to perfect his appeal but abandon or ignore it and, in effect, dismiss it, with complete disregard of the rules of the court and the statute, while retaining the privilege of a new appeal without any control by the court, and without any protection of the interests of the other parties in the cause. We believe that the court must be concerned with the interests of the appellees as well as the interests of the appellants, and as stated in People v. Davis, the Legislature intended that judgments and decrees should become final when the provisions for appeal have been employed and exhausted.

The court must conclude that as to the decree of May 8, 1961, the rights of the defendants as appellants, when their first appeal was perfected, were amply protected in both the trial court and the reviewing court by the provisions of Rule 36 for an extension of time where necessary, and by the provisions of section 76 of the Civil Practice Act for petition for leave to appeal where the failure to carry

appeal to completion came about without culpable negligence.

In their reply brief, defendants cite certain cases which purport to authorize their appeal from the decree of May 8, 1961. These cases, Bride v. Stormer, 368 Ill 524, 15 NE2d 282; Biagi v. O'Connor, 18 Ill2d 238, 163 NE2d 461; and Simpson v. Simpson, 4 Ill App2d 526, 124 NE2d 573, consider the question of whether or not certain decrees were final and appealable when entered and whether such decrees could be appealed following the entry of a subsequent decree despite the fact that the time for the appeal of the prior decrees had expired. In those cases, it was held that the prior decrees could be appealed following the entry of the subsequent decrees under the provisions of section 74(1) of the Civil Practice Act, which retained the former practice for writ of error. These authorities do not, however, purport to review the question of whether a party may file a second notice of appeal when the original notice of appeal, duly perfected, has been dismissed in the reviewing court, and hence these cases cannot be considered authorities upon such issue.

We must conclude that the decree of May 8, 1961, determining the title to real and personal property cannot be reviewed upon this appeal.

The defendants also appeal from a decree of the trial court entered May 2, 1963, finding the amounts of the fair rental values of the real and personal property respectively, and entering judgment for such amounts, together with all costs, in favor of the plaintiff.

The defendants contend that the pleadings formed issues as to profits for which defendants would be liable during the period of years in which they, the defendants, had possession of the real and personal property and that none of the pleadings formed an

issue as to the fair rental values as set forth in this decree. This position is not sustained as the abstract of record shows plaintiff's motion to amend the amended complaint filed in November 1960, and defendants' objections to such motion filed December 23, 1960. The amendment to the prayers for relief in Counts I, II and III added the issue of the fair, usual, reasonable and customary rental for such real and personal property to the issues. On May 8, 1961, the order of the trial court granted leave to make such amendment to the amended complaint and the defendants were thus aware of this issue at the time the evidence upon the matter was begun.

The defendants further argue that there was a complete failure of evidence of rental value to support the decree, and that the trial court committed error in reserving ruling upon a motion made under section 64(5) of the Civil Practice Act. The abstract discloses, however, that at the time of such motion the trial court had admitted testimony as to both the cash rental value of the property and the customary rental arrangement in that area where the landlord and tenant shared in the crop. Defendants have attacked the weight of such evidence but we find no evidence offered by the defendants upon the aspect of cash rent and no substantial contradiction of plaintiff's evidence as to the rental arrangements under a share crop agreement.

This suit was filed within a few days of the date when the defendant, William J. Becker, went into possession of the property. The record discloses that he was, and is, a lawyer and presumably aware of the fact that he might be required to produce records relevant to an accounting for rent, or for income and disbursements during the period that this cause was pending. So far as can be ascertained from the abstract however, there was no attempt to show records

138

of receipt of farm income, or disbursements to which he might be entitled to credit, though his own evidence shows that a share rental basis was customary in that county.

The defendants argue that the evidence shows no profit from the farm and that all income went into improving the property and they ask this court to consider defendants' income tax returns as showing such loss. We have, however, been unable to find anything in the abstract to show such income tax returns and neither the defendants' brief nor their argument give any details which assist in such accounting. We must, therefore, affirm this decree. In re Estate of Geary, 177 Ill App 270; Ladd v. Ladd, 175 Ill App 101. The reviewing court will not search the record to reverse where the abstract fails to show the evidence or points relied upon for reversal. Richman Chemical Co. v. Lowenthal, 16 Ill App2d 568, 149 NE2d 351. Neither do we think that an income tax loss, if established, would change the result. Where a party enters without authority upon the possession of another's premises and uses them, compensation may be awarded the owner upon the basis of the worth of the use of the property. Murphy v. Sampson, 342 Ill 305, on 315, 174 NE 393; Western Book & Stationery Co. v. Jevne, 179 Ill 71, on 75, 53 NE 565; McWilliams v. Morgan, 75 Ill 473, on 475. The true basis of the damage is the deprivation of use by the plaintiff and it is immaterial that defendants may have lost money by the wrongful occupation. The fact that plaintiff in such a case might have been entitled to profits if established does not mean that plaintiff must suffer a loss if such occurs to the wrongful occupant.

The amounts due to the plaintiff, as found by this decree, are considerably less than the maximum amount which might be found due under the testi-

mony in the record, and the decree should be affirmed.

The matters set forth in the several motions filed and taken with this appeal have been disposed of by this opinion.

The appeal from the decree of May 8, 1961, is dismissed; the decree of the trial court entered on May 2, 1963, is affirmed.

SMITH, P. J. and CRAVEN, J., concur.