# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Mutesha, 2012 IL App (2d) 110059**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONEX MUTESHA, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0059 |
| Filed | November 19, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Because defendant's appeal of a prior unfitness determination was still pending when the trial court ruled on his posttrial motions and sentenced him for aggravated battery to a peace officer, the rulings and sentence were vacated as void due to the lack of jurisdiction and defendant's appeal from those decisions was dismissed. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 08-CF-3783; the Hon. Christopher R. Stride, Judge, presiding. |
| Judgment | Vacated; appeal dismissed. |

Counsel on
Appeal

Ronex Mutesha, of Oak Park, appellant *pro se*.

Michael J. Waller, State's Attorney, of Waukegan (Lawrence M. Bauer and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE BIRKETT delivered the judgment of the court, with opinion.

Justices McLaren and Hutchinson concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Ronex Mutesha, appeals his conviction of aggravated battery to a peace officer (720 ILCS 5/12-4(b)(18) (West 2008)). He contends that the trial court erred when it denied his request to discharge his public defender and represent himself for posttrial motions and sentencing. The State contends that the denial was proper because there was a *bona fide* doubt as to his fitness. However, although defendant was fit when the court decided the posttrial motions and sentenced him, his appeal of a prior unfitness determination was still pending. We determine that, under *People v. Elsholtz*, 136 Ill. App. 3d 209 (1985), because that appeal was still pending, the trial court lacked jurisdiction to rule on the posttrial motions and sentence defendant. Accordingly, its orders on those matters are void, we vacate the denial of defendant's posttrial motions and his sentence, and we dismiss the appeal.

¶ 2                              I. BACKGROUND

¶ 3    Defendant was initially represented by public defender Robin Goodstein. He was convicted based on an incident outside of the offices of International Profits and Assessments (IPA), an organization that he had lost a lawsuit against. Before the incident, defendant made phone calls to IPA, stating that he was Jesus Christ and John Kennedy and claiming that a judge took a bribe in the lawsuit. Defendant then arrived at IPA and, when approached by police officers, he spat on one of them, leading to the aggravated battery charge. A jury later found defendant guilty.

¶ 4    Before trial, defendant, who had a history of psychiatric hospitalizations but was not currently medicated, was evaluated by psychologist Karen Chantry of the psychological services division of the circuit court. The evaluation was for the purpose of assessing psychological functioning and making treatment recommendations. It was not to determine fitness to stand trial, and no findings in regard to fitness were made. Chantry found mild symptoms of a delusional disorder, but not enough for a full diagnosis. The assessment indicated a narcissistic personality disorder. Chantry wrote that defendant could benefit from

therapy and psychotropic medications to stabilize his mood and to deal with aspects of his thinking that get derailed.

¶ 5    After trial, the court ordered a presentence investigation report (PSI) that would include mental health evaluations. The PSI stated that defendant had a history of mental health issues, including four hospitalizations, two of which were involuntary, and that he previously was diagnosed as bipolar/manic with psychosis. The PSI also included a follow-up report from Chantry, who found that there was an open question of fitness for sentencing.

¶ 6    On January 14, 2009, Goodstein filed motions for judgment notwithstanding the verdict and for a new trial. On January 16, 2009, defendant sent a letter to the trial court, stating that his name meant "almighty God understand all" or "Messiah" and that the jail was his launching pad for a mission on planet Earth. He wrote that there was evidence that did not get shown at trial, that witnesses were coached and permitted to lie, and that God would have found him not guilty.

¶ 7    On February 20, 2009, defendant sought to proceed *pro se* with Goodstein as backup counsel. The court stated that it believed that Goodstein did an excellent job as counsel, and it discussed defendant's allegations with defendant and Goodstein. The court then stated that it would not discharge Goodstein or appoint her as standby counsel. However, the court said that it would consider defendant's allegations as a supplement to Goodstein's motion for judgment notwithstanding the verdict. The court then said that it would take everything under advisement and hold a hearing, because it appeared that defendant was continuing to prepare a motion for the court.

¶ 8    On March 25, 2009, Goodstein informed the court that defendant had filed a "supplemental motion for acquittal" that alleged in part that she had conspired with the State to deny him a fair trial. The matter was continued and on April 24, 2009, the court appointed Gillian Gosch as conflict counsel under *People v. Krankel*, 102 Ill. 2d 181 (1984), to address defendant's concerns.

¶ 9    Defendant's motion was 129 pages and included lengthy rambling arguments based primarily on the history of slavery, the meaning of his name and the names of others, multiple religious references, and alleged prophetic visions. On June 5, 2009, after several continuances, the trial court told defendant that, after reading the motion, it reviewed the mental health evaluations in the PSI. Over objection, the court then found that there was a *bona fide* doubt as to his fitness and ordered a fitness evaluation. On June 26, 2009, the court clarified that it had not yet ruled on any of the posttrial motions. Defendant later requested the appointment of an outside expert. At a hearing on the matter, defendant stated that he was representing himself.

¶ 10   Dr. Anthony Latham conducted the fitness evaluation and concluded that defendant did not possess the rational thought necessary to cooperate with his attorney concerning mitigation evidence or to appeal the guilty verdict. He recommended that defendant be found unfit for sentencing and committed to a mental health center where he could be treated. He found a fair probability that defendant could attain fitness within a year.

¶ 11   On September 4, 2009, the fitness hearing was held. Defendant stated that the hearing was improper because the judge was not impartial and the prosecutor, doctors, and witnesses

would lie. He said that he was not represented by his counsel and that he was representing himself. The court told defendant that he could not represent himself when there was a *bona fide* doubt about fitness.

¶ 12    The court ultimately found defendant unfit, and he appealed, contending that the court erred when it found him unfit and when it denied his request for an outside expert. While the appeal was pending, defendant was restored to fitness. We affirmed, finding that the issue of fitness was moot and that defendant was not entitled to an outside expert. *People v. Mutesha*, No. 2-09-1042 (2011) (unpublished order under Supreme Court Rule 23).

¶ 13    After he was restored to fitness, but while the appeal was still pending, Gosch adopted the part of defendant's *pro se* posttrial motion concerning Goodstein's failure to call witnesses. The posttrial motions were denied, and defendant was sentenced to periodic imprisonment, which the court found was already served, and to a term of probation. Defendant appealed, contending that he was denied his right to self-representation.

¶ 14                                II. ANALYSIS

¶ 15    Neither party initially discussed jurisdiction on appeal. However, the trial court decided the merits of the posttrial motions and sentenced defendant while the first appeal was still pending. We have an independent duty to consider jurisdiction even if the issue is not raised by the parties. *People v. Lewis*, 234 Ill. 2d 32, 36-37 (2009). Thus, we ordered supplemental briefs from the parties on the issue of jurisdiction under *Elsholtz*.

¶ 16    Defendant contends that *Elsholtz* applies and that, as a result, the trial court lacked jurisdiction to rule on his posttrial motions and to sentence him. The State recognizes that *Elsholtz* would require us to vacate the trial court's orders, but it essentially asks us to disapprove of the case.

¶ 17    Our review of whether the trial court properly exercised jurisdiction is *de novo*. *Schlosser v. State*, 2012 IL App (3d) 110115, ¶ 18. The general rule is that, although the filing of a notice of appeal vests jurisdiction in the appellate court, the trial court retains jurisdiction to decide matters that are independent of, and collateral to, the judgment on appeal. *Moenning v. Union Pacific R.R. Co.*, 2012 IL App (1st) 101866, ¶ 22. " 'Collateral or supplemental matters include those lying outside the issues in the appeal or arising subsequent to delivery of the judgment appealed from.' " *Id.* (quoting *Town of Libertyville v. Bank of Waukegan*, 152 Ill. App. 3d 1066, 1073 (1987)). Under facts similar to the facts of this case, we held in *Elsholtz* that the trial of a criminal defendant is not a matter that is independent of, and collateral to, an earlier finding of unfitness to stand trial. *Elsholtz*, 136 Ill. App. 3d at 211. Therefore, even despite the defendant's restoration to fitness, the pendency of an appeal of the unfitness finding deprives the trial court of jurisdiction to decide the defendant's guilt. *Id.*

¶ 18    In *Elsholtz*, the trial court found the defendant unfit to stand trial. The defendant appealed, but while the appeal was pending the trial court ruled that the defendant had been restored to fitness, held a bench trial, and found the defendant guilty. At the time of the trial, the defendant's motion to dismiss his appeal was pending in this court, but we had not ruled on it. *Id.* at 209-10.

¶ 19     We first explained that the trial court had jurisdiction to hold the restoration hearing and rule that the defendant was fit, because, where a defendant is expected to become fit with treatment, the fitness statute provides for hearings to reexamine fitness at maximum intervals of 90 days. *Id.* at 210; see also 725 ILCS 5/104-20(a) (West 2010) (court must hold a fitness hearing within 21 days of a report that defendant has regained fitness). We then analogized a trial court's continued jurisdiction to find a defendant restored to fitness to a trial court's continued jurisdiction, while a child-support order is on appeal, to enter a new child-support order in response to changed circumstances. *Elsholtz*, 136 Ill. App. 3d at 210-11 (citing *In re Marriage of Petramale*, 102 Ill. App. 3d 1049, 1052-53 (1981)). When a matter is independent of, and collateral to, the judgment on appeal, the trial court retains jurisdiction to hear and decide the matter. *Id.* at 211. Thus, because a new fitness finding, like a new child-support order, is based on new facts, it is independent of, and collateral to, the finding of unfitness that is on appeal. See *id.* at 210-11. However, the determination of guilt, because it is the central issue in a criminal matter, is not collateral to the appeal of the finding of unfitness. Accordingly, we determined that the trial court lacked jurisdiction to try the defendant while the appeal was pending. *Id.* at 211.

¶ 20     Here, *Elsholtz* applies. As in *Elsholtz*, defendant was found unfit, appealed, and was restored to fitness while the appeal was pending. The trial court then went on to rule on posttrial motions and sentence him. Both of those were central issues in the matter and were not collateral to the appeal. Thus, the court lacked jurisdiction to rule on the matters and the orders are void. See *Wierzbicki v. Gleason*, 388 Ill. App. 3d 921, 926 (2009) ("[A]ny order entered while the circuit court is divested of jurisdiction during the pendency of an appeal *** is void.").

¶ 21     The State recognizes our holding in *Elsholtz* but argues that we should not apply it, because the fitness statute says that, once a defendant is restored to fitness, "the court shall set the matter for trial." 725 ILCS 5/104-20(b) (West 2010). But this ignores that the statute does not set a specific time frame for the trial, nor does it provide jurisdiction for the court to hold a trial when jurisdiction would otherwise be lacking. The State also argues that, because the restoration of fitness renders the pending appeal moot, jurisdiction should return to the trial court to then make determinations on the merits. But we have jurisdiction to decide whether an exception to the mootness doctrine applies, so the law cannot be that the reviewing court loses jurisdiction when a defendant is restored to fitness. See *In re Alfred H.H.*, 233 Ill. 2d 345, 350-51 (2009).

¶ 22     Of course, before the reviewing court has made a decision on the merits, an appellant has the right to have the appeal dismissed. *People ex rel. Waite v. Bristow*, 391 Ill. 101, 111 (1945); *Safeway Insurance Co. v. American Arbitration Ass'n*, 247 Ill. App. 3d 355, 358-59 (1993). Thus, the appellant can return jurisdiction to the trial court nearly at will should he or she wish to immediately proceed to trial.

¶ 23     Here, the State's arguments ask us to disapprove of *Elsholtz*. We decline to do so. Accordingly, the trial court's rulings on defendant's posttrial motions and its sentencing order are void.

¶ 24     Finally, defendant asks us to reach a determination on the merits of his posttrial motions.

However, because the trial court's orders are void, we have no authority to do so. Instead, we must vacate the void orders and dismiss this appeal. See *People v. Flowers*, 208 Ill. 2d 291, 307 (2003). Upon the issuance of our mandate, defendant may pursue his posttrial motions and may reassert his request to represent himself if he still desires to do so.

¶ 25                                    III. CONCLUSION

¶ 26        The trial court lacked jurisdiction to rule on posttrial motions and sentence defendant. Accordingly, those orders are void. Thus, we vacate the orders and dismiss this appeal.

¶ 27        Vacated; appeal dismissed.