# Illinois Official Reports

## Appellate Court

---

### *Hartney v. Bevis*, 2018 IL App (2d) 170165

---

| | |
|---|---|
| Appellate Court Caption | JEFFREY HARTNEY, Plaintiff-Appellee, v. ROBERT BEVIS, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-17-0165 |
| Filed | February 23, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 12-AR-1766; the Hon. Ann Celine O'Halleren Walsh, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Timothy P. Whelan, of Timothy Whelan Law Associates, Ltd., of Glen Ellyn, for appellant.<br><br>Patrick J. Williams and Vincent C. Mancini, of Ekl, Williams & Provenzale, LLC, of Lisle, for appellee. |
| Panel | JUSTICE BIRKETT delivered the judgment of the court, with opinion.<br>Justices Hutchinson and Schostok concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff, Jeffrey Hartney, initiated a supplementary proceeding to enforce a judgment against defendant, Robert Bevis. Defendant appeals the denial of his motion to apply his personal property exemption (see 735 ILCS 5/12-1001(b) (West 2016)) to certain stock he owns. We affirm, holding that the involuntary dismissal of defendant's prior appeal raising the same issue bars his current challenge.

¶ 2                                   I. BACKGROUND

¶ 3    Plaintiff obtained a judgment against defendant in an action for fraudulent misrepresentation. See *Hartney v. Bevis*, 2015 IL App (2d) 150005-U. In a supplementary enforcement proceeding, defendant disclosed the existence of stock he owns in a company called Law Weapons. Plaintiff filed a motion for the turnover of the stock to the sheriff for sale, with the proceeds to be applied in partial satisfaction of the judgment. Defendant opposed the turnover, claiming the stock as part of his personal property "wildcard" exemption under section 12-1001(b) of the Code of Civil Procedure (735 ILCS 5/12-1001(b) (West 2016)). Defendant asked in the alternative that the turnover be stayed pending this court's decision in defendant's appeal of the underlying judgment. Defendant attached to his response an affidavit from a certified public accountant who averred, based on his review of the finances of Law Weapons, that the stock had a "negative tax book value."

¶ 4    At a hearing on August 27, 2015, the court ordered that the stock be relinquished to the sheriff and sold. The court explained:

   "[W]ith respect to the personal property, wildcard exemption, I don't know that it's necessary for the CPA to submit an affidavit as to book value or that we have a hearing to determine the value. The value could be determined at the Sheriff's sale and the wildcard exemption applied to whatever the proceeds are. I mean, that will determine—I know through experience that book value is not necessarily market value. And the wildcard exemption should apply to market value, not book value.

   So the sale of a stock is the way to best determine what the true market value is and to what extent the personal property exemption can be applied."

The court also denied defendant's alternative request for a stay of the turnover.

¶ 5    On September 15, 2015, defendant filed a notice of appeal from the August 27 order. In the notice, defendant characterized the order as "requiring the turnover and sale of the defendant['s] shares of stock, *before* allowing the defendant to utilize his personal property exemption for the stock." (Emphasis in original.) The case was docketed as No. 2-15-0929. In his docketing statement, filed September 24, 2015, defendant identified one of the issues on appeal as "whether the trial court improperly denied defendant['s] stay and immediate use of his personal exemption, for his shares of stock in his family business."

¶ 6    In December 2015, this court affirmed the underlying judgment. See *Hartney*, 2015 IL App (2d) 150005-U. In January 2016, the trial court stayed the sale of the stock, pending further order. Meanwhile, in July 2016, this court dismissed defendant's appeal in case No. 2-15-0929 for his failure to file an appellate brief. In August 2016, the trial court lifted the stay on the sale of the stock. In October 2016, the sheriff sold the stock to plaintiff at auction for $1.

¶ 7    In November 2016, defendant filed his "second motion for exercise of his statutory wildcard exemption." Defendant asked that the exemption be applied against the stock itself and not the proceeds of the sale. At a hearing in January 2017, the trial court declined to void the sale of the stock and reaffirmed that the exemption applied only to the proceeds of the sale.

¶ 8    Defendant filed this timely appeal of the January 2017 order.

¶ 9                                    II. ANALYSIS

¶ 10    Defendant contends on appeal that the personal property exemption applies to the stock itself. Plaintiff's lead argument in response is that defendant is estopped from challenging the January 2017 order because he abandoned his appeal in case No. 2-15-0929. Plaintiff notes that, according to the notice of appeal and docketing statement in that prior appeal, defendant intended to raise the same issue that he presents here, namely, whether the personal property exemption entitles him to retain the stock. We agree with plaintiff that defendant is barred from a successive appeal on the same issue.

¶ 11    Depending on what occasioned it, the dismissal of an appeal can have preclusive effect on a subsequent appeal involving the same issue. First, the voluntary dismissal of an appeal has no preclusive effect. An appellant has the right to dismiss an appeal prior to a decision on the merits. See *People ex rel. Waite v. Bristow*, 391 Ill. 101, 111 (1945); *People v. Mutesha*, 2012 IL App (2d) 110059, ¶ 22. A voluntary dismissal leaves the appellant in the same position he was in before he filed the appeal. *Bristow*, 391 Ill. at 112. The appellant is "free to perfect another appeal in any manner authorized by statute," and if the appellant "fail[s] to exercise or pursue that right, [he is] prejudiced, not by the order dismissing the action, but by [his] own inaction." *Id.*

¶ 12    As for involuntary dismissals, the following summary reflects Illinois law on that subject:

         "The [involuntary] dismissal of an appeal or writ of error, even on a technicality, generally leaves the judgment of the lower court in full force as an estoppel. However, this is not the rule where the dismissal is for a defect in the appeal proceedings not attributable to appellant. ***

         The dismissal of an appeal for failure to prosecute acts as a judgment on the merits and becomes *res judicata*, thus barring further direct appeal. However, an appellate court's dismissal of a first appeal as premature is not a judgment or decree upon the merits, and thus a second appeal from the dismissal of the complaint is not barred under the doctrine of *res judicata*." 50 C.J.S. *Judgments* § 984 (2015).

The case of *Dewan v. Ford Motor Co.*, 343 Ill. App. 3d 1062 (2003), is cited for this last proposition. In *Dewan*, the plaintiff appealed both the dismissal of his complaint and the denial of his motion for leave to file an amended complaint. At the time of the appeal, the plaintiff's petition for attorney fees was pending in the trial court. The appellate court dismissed the appeal without explanation. When, on remand, the trial court refused to set a briefing schedule or hearing on the plaintiff's fee petition, he appealed that order as well as the prior orders he had previously attempted to appeal. *Id.* at 1067-68. The defendant claimed that this second appeal was barred by the dismissal of the plaintiff's first appeal. The appellate court disagreed. The court determined that the dismissal of the prior appeal was for lack of jurisdiction, as the pending fee petition rendered the remaining orders unappealable in the absence of a finding under Illinois Supreme Court Rule 304(a) (eff. Feb. 1, 1994), which the trial court had not

provided. The appellate court held that, because no underlying issues were decided in the first appeal, there was no bar to the subsequent appeal. *Dewan*, 343 Ill. App. 3d at 1073-74.

¶ 13     The consequences are different for an involuntary dismissal that is based on "a defect in the appeal proceedings *** attributable to appellant" (50 C.J.S. *Judgments* § 984 (2015)), that is, where the appellant fails to properly conduct the appeal of an otherwise appealable order. Such dismissals have preclusive effect on subsequent appeals. In *Speck v. Zoning Board of Appeals*, 93 Ill. App. 3d 460 (1980), the Zoning Board of Appeals for the City of Chicago (Board) approved the applicants' request for a special use permit. The trial court later reversed the Board's decision. The Board appealed to the appellate court. The applicants filed their own appellate brief but did not file a notice of appeal. Consequently, the appellate court struck their brief and dismissed them from the proceedings. *Id.* at 463. The supreme court accepted the case for review. In its decision, the court noted that, because the applicants had failed to appeal the order of dismissal, "it became binding and, as a consequence, the applicants [were] not parties to this appeal." *Speck v. Zoning Board of Appeals*, 89 Ill. 2d 482, 484 (1982).

¶ 14     In *Department of Transportation v. Shaw*, 36 Ill. App. 3d 972 (1976), *aff'd in part, rev'd in part on other grounds*, 68 Ill. 2d 342 (1977), the defendants filed for a writ of *mandamus* to compel the State to institute eminent domain proceedings. The trial court issued the writ. The State appealed that decision but also initiated eminent domain proceedings. The appellate court dismissed the State's appeal because the State provided an inadequate record. See *Shaw v. Kronst*, 9 Ill. App. 3d 807, 811 (1973). Meanwhile, in the eminent domain proceedings, the jury found that a taking had occurred and awarded compensation. The State appealed that decision as well. In that appeal, the appellate court held that the dismissal of the State's appeal in the *mandamus* action "render[ed] the decision of the circuit court final on the merits as to questions actually in issue and decided. [Citations.]" *Shaw*, 36 Ill. App. 3d at 980. "[The] dismissal of the prior appeal was equivalent to an affirmance [citation], leaving the judgment of the lower court in full force as an estoppel." *Id.*

¶ 15     The earlier case of *Mederacke v. Becker*, 56 Ill. App. 2d 128 (1965), was a dispute over ownership of property. The defendants filed a direct appeal to the supreme court from the trial court's May 8, 1961, order directing them to relinquish to the plaintiff the property in question. The supreme court dismissed the appeal when the defendants failed to file the record on appeal. Two years later, following an accounting, the trial court ordered the defendants to pay rent for the time that the property was in their possession. The defendants appealed that order and also attempted a second appeal of the May 1961 order. The appellate court held that the dismissal of the first appeal precluded a second appeal of the May 1961 order. *Id.* at 134-35. The court said:

> "[O]ur courts have consistently held that a party who perfects his appeal has a duty to proceed and to complete the review of the issue or issues. The courts have rejected the argument that the appellant who perfects an appeal may elect to abandon or disregard such appeal and proceed with a subsequent second appeal. On the contrary, they have held that the Legislature intended that a party should have but one appeal." *Id.* at 135.

¶ 16     Applying the foregoing principles, we hold that defendant is barred from the challenge he presents in the current appeal. He raises the same issue that he articulated in his notice of appeal and docketing statement in case No. 2-15-0929: whether the trial court erred in applying the personal property exemption, not to the stock itself, but to the proceeds of its sale. By incurring an involuntary dismissal of that previous appeal through his failure to file an

appellate brief, defendant is barred from revisiting the issue in the present appeal.

¶ 17                                    III. CONCLUSION
¶ 18            For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

¶ 19            Affirmed.