THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BILLIE LEE ELSHOLTZ, Defendant-Appellant.

Second District   No. 2—84—0364

Opinion filed August 30, 1985.—Rehearing denied October 11, 1985.

G. Joseph Weller and Marguerite S. Klimkowski, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE LINDBERG delivered the opinion of the court:

Billie Lee Elsholtz, the defendant, was charged with theft and possession of a stolen vehicle in an information filed in the circuit court of Du Page County. A hearing was held at the conclusion of which the trial court entered an order finding defendant unfit to stand trial. On defendant's behalf, a timely notice of appeal from this order was filed on August 26, 1983. While the appeal was pending, in accordance with the relevant statutory provisions, the Department of Mental Health and Disabilities filed a report (Ill. Rev. Stat. 1983, ch.

38, par. 104—17(e)), and the trial court held two hearings to reexamine defendant's fitness at 90-day intervals (Ill. Rev. Stat. 1983, ch. 38, par. 104—20). On February 9, 1984, after the second of these hearings, the trial court found defendant fit to stand trial. Defendant, on February 21, 1984, filed a motion in this court to dismiss his appeal. On February 29, 1984, before this court ruled on defendant's motion, the trial court, fully aware of the status of the pending appeal, held a bench trial and found defendant guilty of theft but not guilty of possession of a stolen vehicle. This court dismissed the appeal on March 6, 1984. Defendant was sentenced to a three-year term of imprisonment on March 29, 1984. He has appealed arguing that, at the time of the bench trial, the trial court lacked jurisdiction to try him because of the pendency of the appeal. We agree.

The parties agree that the trial court had jurisdiction to reexamine defendant's fitness during the pendency of the appeal from the original finding of unfitness. It could not rationally be otherwise. In cases such as that at bar, where a defendant is expected to become fit with treatment, the statute provides for hearings to reexamine fitness at maximum intervals of 90 days. (Ill. Rev. Stat. 1983, ch. 38, par. 104—20(a).) In all but the most unusual cases, an appeal takes longer than 90 days. (See 87 Ill. 2d Rules 326 and 343(a).) It would be wholly unreasonable to construe the statute (Ill. Rev. Stat. 1983, ch. 38, par. 104—16(e)) or the Supreme Court Rule (87 Ill. 2d R. 604(e)) providing for appeals from findings of unfitness to require a final resolution of the appeal before the trial court may determine whether a defendant has become fit since the original finding of unfitness. See *In re Marriage of Petramale* (1981), 102 Ill. App. 3d 1049, 1053, 430 N.E.2d 569, 573 (during pendency of an appeal from a judgment of dissolution of marriage awarding child support, a trial court retains jurisdiction to modify the award of child support).

According to the State, this should be dispositive of the issue raised. The State's position is that trial court jurisdiction is all or none; the trial court either had it or lacked it. From this starting point, the State argues that the trial court had jurisdiction to reexamine defendant's fitness and therefore had jurisdiction to try him after he was found to be fit. The State has cited no authority supportive of this simplistic all-or-none approach to jurisdiction, and the law is contrary to it.

■ The general rule is that the filing of a notice of appeal divests the trial court of jurisdiction to enter any order involving a matter of substance and causes the jurisdiction of the appellate court to attach instanter. (*In re Marriage of Petramale* (1981), 102 Ill. App. 3d 1049,

1052, 430 N.E.2d 569, 572.) There are, however, exceptions to this rule. (*People v. Baker* (1980), 85 Ill. App. 3d 661, 662, 406 N.E.2d 1152, 1153.) Where a matter is independent of, and collateral to, the judgment on appeal, the trial court retains jurisdiction to hear and decide the matter. (*In re Marriage of Petramale* (1981), 102 Ill. App. 3d 1049, 1053, 430 N.E.2d 569, 572.) The trial court's jurisdiction therefore is not the all-or-none proposition claimed by the State.

■ We turn now to the central question of the trial court's jurisdiction to hold the trial. A defendant who is fit may be tried; one who is unfit may not be tried. (*People v. Burson* (1957), 11 Ill. 2d 360, 368, 143 N.E.2d 239, 244.) As this court has recognized in another context, a defendant's unfitness can render subsequent proceedings void. (*People v. Turner* (1982), 111 Ill. App. 3d 358, 361, 443 N.E.2d 1167, 1170.) Trial of a defendant is therefore not independent of, but rather totally dependent on, a defendant's fitness. Therefore, the general rule is applicable in the case at bar and the trial court lacked jurisdiction to try defendant.

An interesting case supportive of this conclusion is *People v. McBride* (1983), 114 Ill. App. 3d 75, 448 N.E.2d 551. In *McBride*, the State appealed from a pretrial suppression order. The State moved to dismiss the appeal and the appellate court granted that motion. Prior to the issuance of the appellate court's mandate, the trial court granted the State's motion to reinstate the case. The *McBride* court reversed, holding that the trial court did not have jurisdiction to consider the motion prior to the issuance of the appellate court's mandate. *People v. McBride* (1983), 114 Ill. App. 3d 75, 81, 448 N.E.2d 551, 554.

Finally, we note that it would have been very easy to avoid the problem in this case. The trial court knew about the pending appeal; about the motion to dismiss the appeal; and about the likely early ruling by this court on the motion. It is difficult to see why the short bench trial in this case was not delayed briefly until after this court had ruled on the motion and issued its mandate so that there could be no question about the trial court's jurisdiction.

The judgment of the circuit court of Du Page County is therefore reversed and the cause is remanded for new proceedings.

Reversed and remanded.

STROUSE and SCHNAKE, JJ., concur.