2020 IL App (2d) 180024
No. 2-18-0024
Opinion filed June 5, 2020

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Stephenson County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-CM-522 |
| PATRICK J. WILBER, | ) ) | Honorable James M. Hauser, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices McLaren and Bridges concurred in the judgment and opinion.

**OPINION**

¶ 1       Following a bench trial, defendant, Patrick J. Wilber, was convicted of two counts of harassment through electronic communication (720 ILCS 5/26.5-3(a)(5) (West 2016)). In this direct appeal, defendant contends that the trial court did not have jurisdiction to try, convict, or sentence him because there was an interlocutory appeal pending from its prior finding of his unfitness. Despite defendant's subsequent restoration to fitness, this court was not divested of jurisdiction on the unfitness appeal rendering defendant's convictions void. We vacate and remand for new proceedings.

¶ 2                                      I. BACKGROUND

¶ 3    On July 1, 2016, defendant was charged by information with two counts of harassment through electronic communication, alleging that defendant threatened injury to Carol Reineke and her family (count I) and Clarence Reineke and his family (count II). The charges stemmed from an incident on May 30, 2016, where defendant sent several text messages to Clarence's phone. The messages stated in part that defendant would "kill" Clarence and his family because Clarence stole a lawn mower air filter from him. Defendant's text messages also provided a rather colorful description of what he intended to do to Clarence with the stolen air filter.

¶ 4    On October 4, 2016, defendant's appointed counsel filed a motion raising the issue of defendant's fitness. A month later, the trial court entered an order finding a *bona fide* doubt as to defendant's fitness, and a fitness hearing was subsequently held on May 2, 2017. After hearing testimony from the State's witness, the court granted defendant's counsel's motion for a directed verdict, finding defendant unfit to stand trial. Defendant appealed that order.

¶ 5    Following a short stay at the Elgin Mental Health Center, defendant was found restored to fitness on August 30, 2017. On September 22, 2017, defendant's motion to discharge counsel and represent himself was granted, and defendant waived his right to a jury trial.

¶ 6    The case proceeded to a bench trial on November 7, 2017, while his unfitness appeal was pending.[1] Although he was provided a copy of the statute at issue and instructed to keep his evidence and testimony limited to the charges of harassment through electronic communication,

---

[1] Our opinion was filed on November 14, 2018. See *People v. Wilber*, 2018 IL App (2d) 170328 (determining that the public-interest exception to mootness applied and affirming the trial court's finding of unfitness).

defendant presented evidence and elicited testimony involving all manner of things, including the court's previous unfitness finding.

¶ 7    The trial court found defendant guilty of both counts. After recounting the text messages defendant admitted sending to Clarence, the court concluded:

> "Although you may not have literally meant the word kill and [Clarence] may not have thought you meant that you were going to kill him, we have the threat to kill family members, which Carol Reineke read. We also have the threat regarding the air filter and what you were going to do with it to [Clarence].
>
> Based on the evidence that I have received today, I find you guilty of both of these offenses."

¶ 8    Defendant was subsequently sentenced on January 4, 2018, to one year of conditional discharge and fined $10. Defendant timely appealed and the state appellate defender was appointed to represent him.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, defendant argues that the trial court did not have jurisdiction over him during the trial and sentencing because the interlocutory appeal regarding his fitness was pending. To support his argument, defendant relies on *People v. Elsholtz*, 136 Ill. App. 3d 209 (1985), and *People v. Mutesha*¸ 2012 IL App (2d) 110059. We review *de novo* whether the trial court properly exercised jurisdiction. *Schlosser v. State*, 2012 IL App (3d) 110115, ¶ 18.

¶ 11    Although the filing of a notice of appeal vests jurisdiction in the appellate court, trial courts retain jurisdiction to decide matters that are independent of, and collateral to, the judgment on appeal. *Moenning v. Union Pacific R.R. Co.*, 2012 IL App (1st) 101866, ¶ 22. A collateral matter includes those lying outside the issue in the appeal or arising subsequently to the delivery of the

judgment appealed from. *Id.* The trial of a criminal defendant is not a matter independent of, and collateral to, an earlier finding of unfitness. *Elsholtz*, 136 Ill. App. 3d at 211. Even after a defendant's restoration to fitness, the pendency of an appeal of an unfitness finding deprives the trial court of jurisdiction to determine the defendant's guilt. See *id.*

¶ 12    In *Elsholtz*, the trial court found the defendant unfit to stand trial, and the defendant appealed that finding. *Id.* at 209. While the appeal was pending, the trial court determined that the defendant was restored to fitness, held a trial, found him guilty of motor vehicle theft, and sentenced him to three years in prison. *Id.* at 209-10. In reversing the defendant's conviction, the appellate court reasoned that, because a defendant must be fit to be tried, a trial is not independent of a defendant's fitness. *Id.* at 211. Thus, the appellate court concluded that the trial court lacked jurisdiction to try defendant while his unfitness appeal was pending. *Id.*

¶ 13    We upheld the *Elsholtz* court's reasoning in *Mutesha*, determining that posttrial motions were also not collateral to the appeal:

> "As in *Elsholtz*, defendant was found unfit, appealed, and was restored to fitness while the appeal was pending. The trial court then went on to rule on posttrial motions and sentence him. Both of those were central issues in the matter and were not collateral to the appeal. Thus, the court lacked jurisdiction to rule on the matters and the orders are void." *Mutesha*, 2012 IL App (2d) 110059, ¶ 20.

We also rejected the State's argument that jurisdiction should return to the trial court because the defendant was restored to fitness, rendering the appeal moot. "[W]e have jurisdiction to decide whether an exception to the mootness doctrine applies, so the law cannot be that the reviewing court loses jurisdiction when a defendant is restored to fitness." *Id.* ¶ 21.

¶ 14    The facts here mirror the facts in *Elsholtz*. Like the defendant in *Elsholtz*, defendant was initially found unfit and appealed that decision. While his appeal was pending, he was restored to fitness, tried, convicted, and sentenced. Despite recognizing that the reasoning expounded in *Elsholtz* and *Mutesha* controls the case at hand, the State nevertheless urges us to find that the trial court had jurisdiction to conduct the trial and find defendant guilty, based on either the revestment doctrine or the invited-error doctrine. We decline to do so.

¶ 15    The revestment doctrine acts as an exception to the general rule that a trial court loses jurisdiction to hear a cause at the end of the 30-day window following the entry of a final judgment. *People v. Bailey*, 2014 IL 115459, ¶ 8. "Under the revestment doctrine, litigants may revest a trial court with personal and subject matter jurisdiction, after the 30-day period following final judgment, if they actively participate in proceedings that are inconsistent with the merits of the prior judgment." *People v. Bannister*, 236 Ill. 2d 1, 10 (2009). Here, the State maintains that, because defendant did not object to the proceedings after he was found restored to fitness, but rather actively participated in them by representing himself at the trial, the trial court was revested with jurisdiction.

¶ 16    The State's argument ignores the key element of the revestment doctrine, which is that the inconsistent proceedings must take place more than 30 days after a final judgment. While defendant did proceed in representing himself at trial after the May 2, 2017, unfitness order was entered, that order was not a final order for the purposes of revesting the trial court with jurisdiction because the cause was pending in the appellate court and thus was not a final judgment of which all appellate review was exhausted. This court, of course, can be divested of its jurisdiction on an unfitness appeal if an appellant chooses to dismiss his appeal before we have made a decision on the merits, effectively exhausting appellate review. *Mutesha*, 2012 IL App (2d) 110059, ¶ 22.

However, our research has failed to demonstrate that a party can divest this court of jurisdiction by invoking the revestment doctrine. Rather, the revestment doctrine is to be applied narrowly— only where the trial court loses jurisdiction over a matter due to the passage of time after a judgment. We therefore will not expand the doctrine to apply it to the situation at hand. See *Wierzbicki v. Gleason*, 388 Ill. App. 3d 921, 928-29 (2009) (citing over 40 cases applying the revestment doctrine as described).

¶ 17     The State next contends that we should hold that the trial court had jurisdiction pursuant to the invited-error doctrine because defendant consented to the error by willingly participating in his trial. Under that doctrine, a party may not request to proceed in one manner at trial and then later contend on appeal that the course of action was in error. *People v. Carter*, 208 Ill. 2d 309, 319 (2003).

¶ 18     Here, the State argues, defendant did everything to demonstrate that he wanted to go to trial and allowing him to now take the position that the trial court lacked jurisdiction to convict him would be manifestly unfair. This argument must fail also, as the lack of subject matter jurisdiction is not subject to waiver and cannot be cured through the consent of the parties. *Bailey*, 2014 IL 115459, ¶ 14. Thus, despite defendant's consent to, and participation in, his trial, the trial court did not have jurisdiction to proceed with the trial, and his convictions are void. See *People v. Flowers*, 208 Ill. 2d 291, 306 (2003) ("A ruling made by a circuit court in the absence of subject matter jurisdiction is void.").

¶ 19     Finally, the State requests that we remand the matter for a hearing on whether defendant abandoned his appeal, noting that the appeal was moot, as he was restored to fitness and willingly participated in his trial. Because we have the authority to determine if an exception to mootness applies (*Mutesha*, 2012 IL App (2d) 110059, ¶ 21), and did so before in this case (*People v. Wilber*,

2018 IL App (2d) 170328, ¶ 9), we decline the State's request. As an aside, we note that the report of proceedings belies the State's request, as defendant repeated no less than three times during his trial that he had an appeal pending regarding the unfitness determination and he sought to introduce evidence to contradict that finding. This conduct demonstrates that he had not abandoned his appeal. Therefore, we deny the State's request and instead grant defendant's request and remand the cause for further proceedings. See *Elsholtz*, 136 Ill. App. at 211 (remanding the cause for new proceedings).

¶ 20                                      III. CONCLUSION

¶ 21    Under *Elsholtz*'s reasoning, the trial court lacked jurisdiction to try, convict, and sentence defendant. The defendant's convictions of harassment through electronic communication were therefore void. We vacate the order and remand the cause for further proceedings consistent with this order.

¶ 22    Order vacated.

¶ 23    Cause remanded.

---

**No. 2-18-0024**

---

| | |
|---|---|
| **Cite as:** | *People v. Wilber*, 2020 IL App (2d) 180024 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Stephenson County, No. 16-CM-522; the Hon. James M. Hauser, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Fletcher P. Hamill, of State Appellate Defender's Office, of Elgin, and Nathaniel Lake, law student, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Carl H. Larson, State's Attorney, of Freeport (Patrick Delfino, Edward R. Psenicka, and Ivan O. Taylor Jr., of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

---