2024 IL App (2d) 240216-U
No. 2-24-0216
Order filed June 10, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Kane County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 24-CF-332 |
| | ) | |
| DEAN M. TOWNSEND, | ) | Honorable |
| | ) | Donald M. Tegeler Jr., |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE KENNEDY delivered the judgment of the court.
Justices Hutchinson and Jorgensen concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court had jurisdiction over defendant's motion during the pendency of his Rule 604(h) interlocutory appeal from his detention order, and it did not abuse its discretion in releasing defendant to a treatment facility with conditions. Therefore, we affirm.

¶ 2   The State appeals from the trial court's March 7, 2024, order releasing defendant, Dean M. Townsend, from pretrial detention. Defendant, who had been charged with a third violation of aggravated driving under the influence of alcohol (625 ILCS 5/11-501(a) (West 2022)), was initially denied pretrial release on February 18, 2024, pursuant to section 110-6.1 of the Code of

Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). Defendant appealed the detention order on February 20, 2024 (no. 2-24-0144).

¶ 3    The day after filing his notice of appeal, defendant filed a demand for a speedy trial and a motion for discovery. Following a status hearing in which defendant appeared on February 28, 2024, the trial court found that defendant's continued detention was necessary to avoid a real and present threat to the community and that no less restrictive conditions would mitigate that threat.

¶ 4    Defendant also moved in the trial court on March 4, 2024, to "Modify the Pretrial Release Conditions."[1] In his motion, he requested that he be released to Northern Recovery Center for residential treatment, where a bed had become available on March 8, 2024.

¶ 5    On March 7, 2024, the trial court heard the motion and ordered that defendant be released on March 8, 2024, and placed in the custody of Northern Recovery Center. Defendant was not to be released other than to that agency, and his defense attorney was to immediately alert the court if he did not check into treatment or left treatment early. Defendant was not to leave treatment early and, if released from treatment by medical professionals, he was to be placed on Secure Continuous Remote Alcohol Monitoring (SCRAM) within 48 hours. Defendant was also prohibited from driving a motor vehicle. The trial court's order noted that the State had objected to consideration of defendant's detention because defendant had filed his notice of appeal prior to filing his motion. On March 8, 2024, the State appealed the release order.

---

[1]Effectively, defendant was asking the court to reconsider its detention order in light of a change in circumstances. See 725 ILCS 5/110-6.1(i-5) (West 2022) (the trial court must find that a defendant's continued detention is necessary at each of defendant's subsequent appearances before the court).

¶ 6    On March 11, 2024, defendant moved in this court to dismiss as moot his appeal from his detention order, and this court granted his motion the same day.

¶ 7    The State's primary contention in this appeal is that the trial court lacked jurisdiction to consider defendant's March 4, 2024, motion to release him to a residential treatment facility because defendant's motion was filed during the pendency of defendant's appeal from his detention order. This argument fails because, as we explain, it is contrary to both supreme court rule and precedent.

¶ 8    First, Illinois Supreme Court Rule 604(h)(6) (eff. Dec. 7, 2023)[2] provides that "The circuit court shall retain jurisdiction to proceed with the case during the pendency of any appeal from an order entered pursuant to section 110-5, 110-6, and 110-6.1 of the Code of Criminal Procedure of 1963." This plain language of the rule clearly provides trial courts with jurisdiction during the pendency of a Rule 604(h) appeal, such as defendant's appeal here. The State failed to cite to this supreme court rule in its memorandum, instead asserting that "there is no language in the statute that expressly grants trial courts jurisdiction over matters that have a pending interlocutory appeal."

¶ 9    Moreover, this court has recently opined that trial courts retain jurisdiction to consider matters regarding pretrial release during the pendency of a Rule 604(h) interlocutory appeal. See *People v. Harris*, 2024 IL App (2d) 240070, ¶ 27 (examining Rule 604(h) and explaining that it provided that the trial court retained jurisdiction to proceed with the defendant's case during the pendency of the defendant's Rule 604(h) appeal).

---

[2]The current version of Rule 604(h) provides the same. See Rule 604(h)(9) (eff. Apr. 15, 2024).

¶ 10    The State does advance one point with intuitive appeal. It argues that, by allowing the trial court to continue ruling on a defendant's continued detention during the pendency of a Rule 604(h) appeal, the appellate court is opening itself up to an untenable deluge of appeals from each continued detention order, often with no substantive distinctions between the subsequent orders. However, our supreme court has already allayed this concern in Rule 604(h)(11) (eff. Apr. 15, 2024), which provides that "No appeal from a subsequent detention or release order may be taken while a prior appeal under this rule by the same party remains pending in the appellate court."

¶ 11    Finally, we note that the most recent amendment to Rule 604(h) provides that if "issues raised on appeal become moot due to resolution of the case or otherwise," appellant's counsel must advise the clerk of mootness and seek dismissal of the appeal. Ill. S. Ct. R. 604(h)(1) (eff. Apr. 15, 2024). This amendment is further evidence that our supreme court contemplates that trial courts retain jurisdiction to continue with a defendant's case during the pendency of a Rule 604(h) appeal, as progress in the trial court will often affect the justiciability of a Rule 604(h) appeal.

¶ 12    In the alternative, the State argues that the trial court abused its discretion in releasing defendant based on a finding that he did not pose a threat. The State argues in its notice of appeal only that the court did not even find whether defendant posed a threat when it released defendant to the residential treatment facility. We reject this argument. The State's argument—which is barely developed to the point of forfeiture and is unsupported by a transcript of the hearing on defendant's motion—assumes that the trial court's order was based on defendant not posing a threat. To the contrary, defendant's motion was that a new, less restrictive condition had become available, namely, placement at the Norther Recovery Center's residential treatment facility. The trial court's placement of defendant in the treatment center reasonably showed that it recognized that defendant still posed a threat to the community but that placement with conditions could

sufficiently mitigate the threat he posed. In short, the trial court found that continued detention was not *necessary* to avoid a real and present threat, not that defendant no longer posed a real and present threat. See 725 ILCS 5/110-6.1(i-5) (West 2022). As the State makes no argument that continued detention was necessary to avoid a real and present threat, we consider the issue no further.

¶ 13    For the aforementioned reasons, we affirm the order of the Kane County circuit court.

¶ 14    Affirmed.