2024 IL App (1st) 240150-U

Nos. 1-24-0150B & 1-24-0151B cons.

Order filed June 11, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | Nos. 24 DV 70159 |
| | ) | 24 DV 70160 |
| MANUEL RIVERA, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Thomas Nowinski, |
| | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Reyes specially concurred.
Justice D.B. Walker specially concurred.

**ORDER**

¶ 1   *Held*:   The trial court's judgment, ordering defendant's pretrial detention on two separate cases, is affirmed.

¶ 2   Defendant Manuel Rivera is charged with three misdemeanors, domestic battery, criminal damage to property, and assault, under case number 24 DV 70159, and arson under 24 DV 70160, which has since been superseded by a felony indictment in case number 24 CR 01126. On January

4, 2024, the trial court entered two orders, one on each case, denying defendant pretrial release pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). On our own motion on May 15, 2024, we consolidated these cases for the purposes of review because they concern the same defendant, the same factual occurrence, identical petitions for pretrial detention heard at the same detention hearing, and virtually identical detention orders. Defendant argues that the State failed to meet its burden of proof to justify his pretrial detention in both cases. To succeed on a petition for pretrial detention, the State must make certain showings by clear and convincing evidence to demonstrate why the pretrial incarceration of any defendant is warranted. 725 ILCS 5/110-6.1(e)(1)-(4) (West 2022).

¶ 3    For the following reasons, we affirm the judgment of the trial court.

¶ 4                                    I. BACKGROUND

¶ 5    On January 4, 2024, the State charged defendant with the aforementioned four offenses. The same day, the State filed two identical petitions for pretrial detention, one for each case number. Both petitions alleged that defendant poses a real and present threat to the safety of any person or the community because he struck his wife in the face and set fire to some of her belongings. The trial court held a hearing the same day, at which time the parties gave proffers contemplated by section 110-6.1 of the Code.

¶ 6    The State proffered that defendant and his wife had an argument about defendant having an affair with their upstairs neighbor in their apartment building. Defendant entered the bedroom, poured rubbing alcohol on some of his wife's belongings, and set them on fire with a lighter. He then exited the room and threatened his nephew with a brick. Defendant's wife saw the pile of burning clothes and entered the bedroom to retrieve some valuables. Defendant followed her

inside, locked the door, pushed her to the ground, and struck her twice in the face with a closed fist. Defendant's nephew kicked the door open, allowing defendant's wife to exit the room. When defendant heard sirens, he exited the apartment and his wife locked the door behind him. Upon realizing he was locked out, defendant kicked the door, damaging it, and told his wife he would be back soon. The fire was extinguished but resulted in minor damage to the floor. Defendant had no publishable criminal history.

¶ 7    Defense counsel proffered that the argument with defendant and his wife began with defendant's wife threatening him. His wife accused him of having an affair with an upstairs neighbor, which defendant denied repeatedly. Defendant attempted to call 911, but his wife broke his phone and instead called the police herself. Defendant also challenged the State's assertion that defendant threatened his nephew, claiming that the only other person present was a 22-year-old male to whom defendant had no familial relation.

¶ 8    Defendant denied starting the fire and claimed that he left the apartment because he had been kicked out. On his way out of the building, he passed firefighters who asked, "Where's the fire?" and he replied by saying there was no fire. He also claimed that the door he allegedly damaged was already damaged before the incident and that he had complained to the landlord about it. Defense counsel also proffered that the complaining witness had no visible injuries identified by responding officers. Defendant was employed full-time.

¶ 9    Pretrial services ranked defendant as a 1 out of 6 on the "New Criminal Activity" scale and a 1 out of 6 on the "Failure to Appear" scale. The pretrial services officer stated that if defendant were released, his score corresponded with "pretrial supervision level 1."

¶ 10    At the conclusion of the hearing, the State served an order of protection which granted the complaining witness exclusive possession of the residence and forbade defendant from having any contact with her.

¶ 11    The trial court found that the State met its burden of proof. The trial court's written order stated that defendant locked his wife in a room where he set fire to her clothes, threatened his nephew, and threatened to come back later. Regarding whether any conditions could mitigate the threat posed by defendant, the trial court wrote that defendant said he would return to "get" his wife and that nothing less than detention could ensure that defendant does not fulfill that threat.

¶ 12    Defendant timely filed a notice of appeal in both cases on January 18, 2024, declining to file a memorandum and instead attaching an identical supplemental argument to his notice of appeal in each case. The State's response in case number 1-24-0150B is captioned with both trial court numbers, though it did not ask us to consolidate these cases.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, defendant argues that the State failed to prove by clear and convincing evidence all three of the elements that the State must prove to justify pretrial detention. Defendant's supplemental argument attached to each notice of appeal put forth identical arguments that we need only address once.

¶ 15    Section 110-6.1(e) of the Code presumes that all defendants are eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). The presumption of release is overcome only if the State can prove by clear and convincing evidence that: (1) the proof is evident or the presumption great that the defendant has committed a detainable offense; (2) the defendant poses a real and present threat to the safety of any person or the community based on the specific, articulable facts of the case;

and (3) no condition or combination of conditions set forth in section 110-10 of the Code can mitigate that threat. 725 ILCS 5/110-6.1(e)(1)-(3) (West 2022).

¶ 16    Clear and convincing evidence is " 'that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question.' " *In re Tiffany W.*, 2012 IL App (1st) 102492-B, ¶ 12. Although this is a subject of debate among the appellate districts and even the First District, the appropriate standard of review for a pretrial detention order is whether the trial court's findings were against the manifest weight of the evidence. *People v. Pitts*, 2024 IL App (1st) 232336, ¶ 29; but see *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10 (holding that standard of review should be abuse of discretion); *People v. Whitmore*, 2023 IL App (1st) 231807, ¶ 18 (same); and *People v. Saucedo*, 2024 IL App (1st) 232020, ¶ 35-36 (holding that first two elements should be reviewed using the manifest weight standard, while the third should be reviewed for an abuse of discretion). "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 17    We hold that the State met its burden of proof to justify defendant's detention. As to whether the proof was evident or the presumption was great that defendant committed a detainable offense, both arson and domestic battery are detainable offenses. 725 ILCS 5/110-6.1(a)(1.5), (4) (West 2022). The State's proffer alleged that defendant struck the complaining witness in the face and set fire to a pile of her belongings inside the apartment. While defendant's proffer denied committing either offense, the State's burden at this stage is not proof beyond a reasonable doubt. The State's burden is not even whether there is clear and convincing evidence that defendant is guilty. Instead, it is whether there is clear and convincing evidence that proof is evident or the

presumption is great that defendant committed the aforementioned offenses. 725 ILCS 5/110-6.1(e) (West 2022). Defendant notes that the complaining witness had no visible injuries, but that does not necessarily contradict or disprove the complaining witness's allegations about defendant striking her. Given the State's factual proffer, the trial court's finding on this element was not against the manifest weight of the evidence.

¶ 18    Regarding whether defendant poses a real and present threat to the safety of any person or persons or the community based on the specific, articulable facts of the case, the State's proffer provided clear and convincing evidence. 725 ILCS 5/110-6.1(e)(2) (West 2022). Defendant not only allegedly struck his wife, threatened another person, and started a fire inside his own home, endangering those immediately around him and others who live in the same apartment building, but he threatened to return at a later date. Defendant's behavior as alleged placed numerous people in the path of extreme harm or even death over an argument. The trial court's finding on this element was also not against the manifest weight of the evidence.

¶ 19    That brings us to the third and final element, whether any condition or combination of conditions of release could mitigate the real and present threat to the community. At the hearing, the State argued that defendant's threat to return at a later time demonstrated that no conditions or combination of conditions could mitigate the threat he poses. In *Stock*, we held that the bare allegations that make up an offense, without more, are not sufficient to meet this third element. *People v. Stock*, 2023 IL App (1st) 231753, ¶ 18. This is because the Code presumes that all defendants are eligible for release and, if the legislature intended for certain charged offenses to be ineligible for release, it would have said so. *Id*. But this is an instance—despite defendant's claim that the State presented no evidence—where there was more to demonstrate that no condition

or combination of conditions would mitigate the threat defendant poses. After allegedly striking his wife, threatening another person with a brick, and starting a fire inside an apartment, defendant told his wife, the complaining witness, that he would be back.

¶ 20    Defendant was arrested before he could ever follow through on his alleged threat. But his stated intent to return demonstrated that conditions of pretrial release would not mitigate the danger he posed to others. The trial court's finding that no conditions of pretrial release could mitigate the threat defendant poses was therefore not against the manifest weight of the evidence.

¶ 21    Alternatively, defendant argues that the trial court erred in its determination that no conditions could mitigate the threat posed by defendant because its written order failed to explain itself as required by the statute. See 725 ILCS5/110-6.1(h)(1) (West 2022). We disagree. The trial court's orders specified that less restrictive means could not guarantee that defendant would not return and fulfill his threats. The trial court may not have explicitly mentioned specific conditions and why they would not suffice, but that was redundant. Defendant threatened to return later, which was the stated reason why the trial court believed nothing less than detention would suffice.

¶ 22                              III. CONCLUSION

¶ 23    For the foregoing reasons, we affirm the trial court's judgments in these consolidated cases.

¶ 24    Affirmed.

¶ 25    REYES, P.J., specially concurring:

¶ 26    I agree with the other special concurrence that a bifurcated standard of review should apply in this appeal. I would further note that our division has applied such a standard in recent cases. *E.g.*, *People v. Schulz*, 2024 IL App (1st) 240422, ¶¶ 18-19; *People v. Simmons*, 2024 IL App (1st)

240592-U, ¶¶ 19-20. As the determination is the same under either standard, I also concur in the judgment.

¶ 27    D.B. WALKER, J., specially concurring:

¶ 28    I write separately because I believe that a different standard of review applies. Courts in two divisions of the First District have found that the first two elements of section 110-6.1(e) should be reviewed using the manifest weight standard, but the third element should be reviewed for an abuse of discretion. See *People v. Reed*, 2023 IL App (1st) 231834, and *People v. Saucedo*, 2024 IL App (1st) 232020. I agree with the reasoning in *Reed* and *Saucedo*. Therefore, I would apply this bifurcated standard of review in this appeal. However, since the determination is the same under this standard or the abuse of discretion standard, I concur in the judgment.