2024 IL App (1st) 240520

No. 1-24-0520B

Opinion filed June 21, 2024

Third Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 DV 70159 |
| | ) | |
| MANUEL RIVERA, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Megan Goldish, |
| | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Justices Martin and D.B. Walker concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Manuel Rivera is charged with three misdemeanors, domestic battery, criminal damage to property, and assault, under case number 24-DV-70159, and arson under case number 24-CR-01126. On January 4, 2024, the trial court entered two orders denying defendant pretrial release on each case pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). Defendant appealed, and we consolidated those cases in *People v. Rivera*, 2024 IL App (1st) 240150-U (*Rivera I*), where we affirmed the trial court's

judgment. During the pendency of that appeal, defendant sought to review his detention under subsection 110-6.1(i-5) of the Code (725 ILCS 5/110-6.1(i-5) (West 2022)). The trial court declined to consider whether defendant's continued detention was necessary, claiming that defendant's pending appeal deprived it of jurisdiction to consider the issue.

¶ 2    For the following reasons, we reverse the judgment of the trial court and remand.

¶ 3                                I. BACKGROUND

¶ 4    On January 4, 2024, the State charged defendant with arson and three misdemeanors, domestic battery, criminal damage to property, and assault. The same day, following a hearing, the trial court ordered defendant's pretrial detention. The facts of that hearing are summarized in our previous order in *Rivera I* and we need not repeat them here. *Rivera I*, 2024 IL App (1st) 240150-U, ¶¶ 5-9. Defendant appealed the initial detention orders on January 18, 2024.

¶ 5    On February 21, 2024, defendant asked the trial court to revisit whether his continued detention was necessary. The trial court refused, stating, "It looks like he's filed an appeal on this case. So I'm gonna [*sic*] decline to hear the conditions of release, et cetera. I cannot consider that portion. I've lost jurisdiction for the appeal. I have—keep jurisdiction for the rest of the case." Defense counsel argued that nothing in Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023), prohibited the trial court from considering detention or release issues while an appeal is pending. The trial court responded by explaining it had discussed the issue with judges in courthouses throughout Cook County and by saying, "I was told I lose jurisdiction over the very issue which is on appeal, because then you have two different courts—actually three, then. You have the original court who made the detainer hearing [*sic*]. The appellate court. And then myself, reviewing the same issue. The appellate court has the jurisdiction over that."

¶ 6     Defendant filed a timely notice of appeal on March 5, 2024.

¶ 7                                    II. ANALYSIS

¶ 8     On appeal, defendant raises only one argument: that the trial court erred by declining to fulfill its statutory obligation to find whether defendant's continued detention is necessary at each court date. We agree.

¶ 9                                   A. Jurisdiction

¶ 10     At the outset, we must address a pair of potential jurisdictional issues. Based on the nature of the trial court's order from which defendant appeals, we raise one *sua sponte*. The State raises the other.

¶ 11     A reviewing court has an independent duty to consider issues of jurisdiction regardless of whether either party has raised them. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). Indeed, the ascertainment of our own jurisdiction is one of the two most important tasks we can undertake when beginning the review of a case. *Id.* at 106.

¶ 12     Rule 604(h)(1) states:

"(1) Orders appealable. An appeal may be taken to the Appellate Court from an interlocutory order of court entered under sections 110-5, 110-6, and 110-6.1 of the Code of Criminal Procedure of 1963 as follows:

(i) by the State and by the defendant from an order imposing conditions of pretrial release;

(ii) by the defendant from an order revoking pretrial release or by the State from an order denying a petition to revoke pretrial release;

(iii) by the defendant from an order denying pretrial release; or

(iv) by the State from an order denying a petition to deny pretrial release."

Ill. S. Ct. R. 604(h)(1) (eff. Dec. 7, 2023).

¶ 13 On its face, the trial court's refusal to consider the necessity of defendant's continued detention was not one of four possible interlocutory orders that Rule 604(h) deems appealable. This question requires us to interpret Rule 604(h), for which we apply the same principles that govern statutory interpretation. *Ferris, Thompson & Zweig, Ltd. v. Esposito*, 2017 IL 121297, ¶ 22. When construing a rule of the supreme court, our primary goal is to ascertain and give effect to the intent of the drafters. *Id.* The most reliable indicator of that intent is the language used, given its plain and ordinary meaning. *Id.* In determining the plain meaning of the rule's terms, a court must consider the rule in its entirety, keeping in mind the subject it addresses and the apparent intent of the drafters in enacting it. *Id.* Courts will also interpret the rule so that no part of it is rendered meaningless or superfluous and will not depart from the plain language of the rule by reading into it exceptions, limitations, or conditions that conflict with the expressed intent. *Id.* Perhaps most important to this issue, we must also presume that the drafters did not intend to produce absurd, inconvenient, or unjust results. *People v. Marker*, 233 Ill. 2d 158, 167 (2009).

¶ 14 Section 110-6.1(i-5) of the Code requires the trial court, at each court date, to find "that continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." 725 ILCS 5/110-6.1(i-5) (West 2022). Subsection 110-6.1(j) of the Code states that, "The defendant shall be entitled to appeal any order entered under this Section denying his or her pretrial release." *Id.* § 110-6.1(j). Thus, a defendant is entitled

to appeal a finding that his continued detention is necessary, which is an order denying him pretrial release. *Id.*; Ill. S. Ct. R. 604(h)(1) (eff. Dec. 7, 2023).

¶ 15    It would be an absurd result, then, to hold that the trial court's refusal to make such a finding as required by the statute would not be appealable. Making the finding required by the statute would give rise to an appealable order, but the trial court's refusal to engage in the process that would result in that finding would be unreviewable. The right afforded to a defendant to have his detention status reviewed at every court date would become illusory because we would be powerless to review the trial court's inaction. That cannot be what Rule 604(h)'s drafters intended. Thus, where Rule 604(h) contemplates appeals by a defendant of an order denying pretrial release, that must also encompass instances where the trial court declines to perform the action required by the statute that would have given rise to that appealable interlocutory order.

¶ 16    The State also raises a separate question of jurisdiction based on the recent amendment to Rule 604(h), which prohibits a party from having multiple pending appeals at the same time. Ill. S. Ct. R. 604(h)(11) (eff. April 15, 2024). The State asserts that this amendment is procedural, and therefore applies retroactively, citing *People v. Rosado*, 2024 IL App (2d) 240089-U, ¶ 34, and *People v. Harris*, 2024 IL App (2d) 240070, ¶ 1, n.1 (holding that the April 15, 2024, amendment to Illinois Supreme Court Rule 604(h)(8) (eff. Apr. 15, 2024), allowing 100 days for disposition to be filed was procedural and retroactive). However, the State's argument has omitted a critical piece of the puzzle. Both *Rosado* and *Harris* relied on *People v. Easton*, which observed that "It is well settled that statutory amendments may be applied retroactively when they are purely procedural and *do not impair a vested right*." (Emphasis added.) *People v. Easton*, 2017 IL App (2d) 141180, ¶ 14 (citing *Allegis Realty Investors v. Novak*, 223 Ill. 2d 318, 331 (2006)). At the

time defendant asked the trial court to re-examine his detention status, and at the time he filed his notice of appeal in this case, he still possessed a right to appeal regardless of whether another was pending. 725 ILCS 5/110-6.1(j) (West 2022); Ill. S. Ct. R. 604(h)(1) (eff. Dec. 7, 2023). Applying the April 15, 2024, amendment in this instance would impair that right that defendant enjoyed at the time he filed his notice of appeal. However, even if we were to apply this amendment retroactively, we note that defendant's other pending appeal has been resolved. *Rivera I*, 2024 IL App (1st) 240150-U. As in *Rosado*, "because defendant's second appeal is the only currently pending appeal on his case, we have jurisdiction to consider it." *Rosado*, 2024 IL App (2d) 240089-U, ¶ 35.

¶ 17                    B. The Trial Court's Jurisdiction

¶ 18    The heart of the matter here is whether the trial court had jurisdiction to consider whether defendant's continued detention was necessary while his appeal challenging the initial detention order was pending. The answer to that question is yes.

¶ 19    This is also a question of statutory construction, which we review *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45. In doing so, we look to the plain language of the statute as the most reliable indicator of the legislature's intent. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). The general rule is that the filing of a notice of appeal divests the trial court of jurisdiction to enter any order involving a matter of substance and causes the jurisdiction of the appellate court to attach instanter. *People v. Elsholtz*, 136 Ill. App. 3d 209, 210 (1985). There are some exceptions to this rule, however. *Id.* at 211. For example, where a matter is independent of, and collateral to, the judgment on appeal, the trial court retains jurisdiction to hear and decide the matter. *Id.*

¶ 20    For the purposes of interlocutory appeals under Rule 604(h), the rule provides another exception which states: "Jurisdiction of the Circuit Court. The circuit court shall retain jurisdiction to proceed with the case during the pendency of any appeal from an order entered pursuant to sections 110-5, 110-6, and 110-6.1 of the Code of Criminal Procedure of 1963." Ill. S. Ct. R. 604(h)(6) (eff. Dec. 7, 2023).

¶ 21    Section 110-6.1 of the Code imposes a continuing obligation on the trial court to re-evaluate the necessity of a defendant's detention following an initial detention order. Specifically,

> "[a]t each subsequent appearance of the defendant before the court, the judge must find that continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." 725 ILCS 5/110-6.1(i-5) (West 2022).

¶ 22    Read together, these two provisions demonstrate that the trial court has jurisdiction to consider whether continued detention is necessary while an interlocutory appeal under Rule 604(h) is pending. *Harris*, 2024 IL App (2d) 240070, ¶ 27; *People v. Townsend*, 2024 IL App (2d) 240216-U, ¶¶ 8-9. The Code contemplates that the trial court must make a finding about the necessity of continued detention at each and every court appearance, regardless of whether a defendant requests such a finding. 725 ILCS 5/110-6.1(i-5) (West 2022). Furthermore, nowhere in the Code does it state that the trial court is relieved of its obligation to make this finding while a defendant has an appeal pending. Likewise, Rule 604(h) does not explicitly divest the trial court of its duties under section 110-6.1(i-5) of the Code while an interlocutory appeal is pending. Ill. S. Ct. R. 604(h) (eff. Dec. 7, 2023). To the contrary, Rule 604(h) explicitly mandates that the trial

court retains jurisdiction to "proceed with the case during the pendency" of an appeal stemming from a detention or pretrial release order. *Id.* It follows that one of the things that must happen as the trial court "proceed[s] with the case" is to continually re-examine whether continued detention is necessary, as the Code requires. 725 ILCS 5/110-6.1(i-5) (West 2022).

¶ 23    Additionally, defendant cites to *Elsholtz*, which provides an instructive and persuasive comparison. In *Elsholtz*, the defendant was found unfit to stand trial and he appealed. *Elsholtz*, 136 Ill. App. 3d at 209-10. During the pendency of the appeal, the trial court held two hearings at 90-day intervals, each one mandated by the fitness statute, with the second hearing determining that the defendant was fit to stand trial. *Id.* While the appeal was pending, the trial court held a bench trial and found defendant guilty of theft. *Id.* at 210. On appeal, the appellate court considered whether the trial court had jurisdiction to re-examine the fitness issue while the defendant had an interlocutory appeal pending regarding the same issue, and whether the trial court had jurisdiction to try the defendant. *Id.* The appellate court reasoned that the fitness statute required re-examinations at 90-day intervals and that most appeals take more than 90-days, and thus, it would be unreasonable to require a final resolution of the appeal before the trial court could undertake the procedure required by the fitness statute. *Id.* Separate from this issue, the court then went on to determine that the trial court lacked jurisdiction to hold a bench trial and reversed for a new trial. *Id.* at 211.

¶ 24    It is the first question of jurisdiction in *Elsholtz* that presents a similar legislative mandate to the issue at bar. Rule 604(h) prescribes a 100-day time frame for disposing of an appeal once a notice of appeal has been filed. Ill. S. Ct. R. 604(h)(8) (eff. April 15, 2024). Most defendants who are ordered detained at their initial appearance will have a subsequent court date within that 100-

day time frame or will have another court date within 100 days of the trial court finding that continued detention is necessary. At that subsequent court date, the trial court must determine whether continued detention is necessary. 725 ILCS 5/110-6.1(i-5) (West 2022). Like the fitness issue in *Elsholtz*, it would be unreasonable to read section 110-6.1(i-5) and Rule 604(h) in a way that required a final resolution of defendant's first appeal before the trial court could perform the task that is statutorily-required of it at each and every court date. *Id.*; Ill. S. Ct. R. 604(h)(6) (eff. Dec. 7, 2023).

¶ 25    The State argues that to find that the trial court retained jurisdiction in the face of a prohibition on multiple appeals would lead to absurd results because it would render section 110-6.1(j) "pointless." But by the State's logic, Rule 604(h)(11), even assuming its retroactivity, or considering its prospective effect, would already render section 110-6.1(j) of the Code meaningless. *Stein v. Krislov*, 405 Ill. App. 3d 538, 543 (2010) ("[W]here a rule of the supreme court on a matter within the court's authority and a statute on the same subject conflict, the rule will prevail." (Internal quotation marks omitted.)). Our canons of construction, however, instruct us to avoid, where possible, interpretations which would render any portion of a statute void or meaningless. *Sylvester v. Industrial Comm'n*, 197 Ill. 2d 225, 232 (2001). We note that section 110-6.6 of the Code states that, "Appeals under this Article shall be governed by Supreme Court Rules." 725 ILCS 5/110-6.6(a) (West 2022). The more sensible interpretation, which avoids the result of rendering section 110-6.1(j) of the Code meaningless, is to read these statutory provisions and rules as part of a coherent package: defendants may appeal any order entered by the trial court under section 110-6.1 pertaining to pretrial detention, subject to the proscription that they may

only have one appeal pending at any given time.[1] As the State correctly points out, the right to an interlocutory appeal is not a constitutional one and is provided only by the grace of supreme court rules. *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210 (1994). Thus, there is no absurdity in a lack of parity between the pretrial detention proceedings contemplated by the Code and the right to appeal those orders; the legislature has prescribed a series of pretrial detention procedures from which parties may appeal, but the extent and nature of those appeals are governed by our supreme court's rules.

¶ 26 Finally, we make a point of clarification. Both the trial court's statements and the State's memorandum seem to endorse the idea that defendant's request to review his detention under section 110-6.1(i-5) of the Code was equivalent to a motion to reconsider the trial court's initial detention order, contributing to the argument that the trial court lacked jurisdiction. But there is no support for that view. Section 110-6.1(i-5) of the Code is an entirely different provision from those which govern initial detention hearings. Compare 725 ILCS 5/110-6.1(e), (f) (West 2022), with *id.* § 110-6.1(i-5). Indeed, the operation of section 110-6.1(i-5) of the Code is predicated on a defendant already being detained and asks whether a defendant's circumstances have changed such that he can be released. *Id.* § 110-6.1(i-5). Thus, it would be logically impossible for section 110-6.1(i-5) to function as nothing more than reconsideration of the trial court's order that a defendant be detained in the first place.

---

[1]The same could be said for the Code's analog provision for the State, which affords the State the right to appeal from the denial of any motion seeking the denial of pretrial release. 725 ILCS 5/110-6.1(k) (West 2022).

¶ 27    The trial court had jurisdiction to determine whether defendant's continued detention was necessary despite defendant's pending appeal challenging his initial detention, and we remand so that the trial court can make that determination as required by the Code.

¶ 28                                III. CONCLUSION

¶ 29    For the foregoing reasons, we reverse the trial court's judgment and remand for further proceedings.

¶ 30    Reversed and remanded.

---

*People v. Rivera*, **2024 IL App (1st) 240520**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 24-DV-70159; the Hon. Megan Goldish, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Sharone R. Mitchell Jr., Public Defender, of Chicago (Tressa Palcheck, Assistant Public Defender, of counsel), for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Sara McGann, Assistant State's Attorney, of counsel), for the People. |

---