2025 IL App (1st) 231178-U

No. 1-23-1178

Order filed January 22, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| CHET SMITH, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 L 4426 |
| | ) | |
| COOK COUNTY, | ) | Honorable |
| | ) | Kathy M. Flanagan, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE D.B. WALKER delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We dismiss for lack of jurisdiction where plaintiff's notice of appeal was untimely filed.

¶ 2    Plaintiff Chet Smith appeals from the dismissal with prejudice of his civil action against defendant Cook County, contending that the dismissal was erroneous. Because plaintiff filed an untimely notice of appeal, we dismiss the appeal.

¶ 3 In April 2023, plaintiff filed a *pro se* complaint seeking $3 million in damages for his arrest upon a warrant that, he alleged, was issued without a complaint being filed or examined by a judge. Plaintiff's complaint was accompanied by his application for waiver of court fees. On May 2, 2023, the circuit court issued orders waiving court fees and dismissing the action with prejudice, finding that the complaint did not state a cause of action upon which relief could be granted and could not be amended to state such a claim. Plaintiff filed his *pro se* notice of appeal on June 12, 2023.

¶ 4 This court has a duty to consider its jurisdiction *sua sponte*. *People v. Rivera*, 2024 IL App (1st) 240520, ¶ 11. *Pro se* litigants, such as plaintiff here, are not excused from complying with the Illinois Supreme Court Rules. *People v. Shunick*, 2024 IL 129244, ¶ 64. Supreme Court Rule 301 provides that an appeal from a final judgment in a civil case is "initiated by filing a notice of appeal" and "[n]o other step is jurisdictional." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Supreme Court Rule 303 provides that an appeal from a final judgment or order disposing of a civil case must be filed with the clerk of the circuit court within 30 days of entry of the judgment. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 5 The appellate court has no jurisdiction over untimely filed appeals. See *Waukegan Hospitality Group, LLC v. Stretch's Sports Bar & Grill Corp.*, 2024 IL 129277, ¶¶ 14, 26. Timeliness is mandatory, as neither the circuit court nor the appellate court has authority to excuse compliance with Rule 303's filing requirements. See *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 217-18 (2009).

¶ 6 Here, the circuit court dismissed the complaint with prejudice on May 2, 2023. See *Brian J. Wanca, J.D., P.C. v. Oppenheim*, 2023 IL App (1st) 220273, ¶ 55 (a dismissal with prejudice,

where defects in the complaint cannot be remedied by amendment, is a final judgment). Plaintiff did not file his notice of appeal until June 12, 2023, over 30 days later. Plaintiff did not file a postjudgment motion challenging the judgment. See Ill. S. Ct. R. 303(a) (eff. July 1, 2017) (if a timely posttrial motion directed against the judgment is filed, the notice of appeal must be filed within 30 days after the entry of the order disposing of the last pending postjudgment motion). Nor did he seek our leave to file a late notice of appeal, the method provided in the Rules (see Ill. S. Ct. R. 303(d)) for commencing an appeal after 30 days. Accordingly, as plaintiff's notice of appeal was untimely filed, we have no jurisdiction and must dismiss the appeal.

¶ 7        Dismissed for lack of jurisdiction.